UNITED STATES OF AMERICA FOR THE USE OF ALEXANDER BRYANT COMPANY v. NEW YORK STEAM FITTING COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 67. Argued November 9, 1914.—Decided December 7, 1914.

Where the District Court understood that the controversy involved its jurisdiction and dismissed the case because the publication under the Materialmen's Act was insufficient to bring in some of the necessary parties and so certified, the issue of jurisdiction is involved and this court has jurisdiction of a direct appeal under § 238, Judicial Code.

Even if the District Court is in error in holding that failure to perform a prerequisite condition to commencing an action raises a question of jurisdiction of the court, and dismisses the action on that ground instead of on the merits, this court can and must review the decision and correct the error, if any, under § 238, Judicial Code.

Although a statute may be ambiguous and repel accommodation, the court must try to give coherence to its conflicting provisions and accomplish the intent of the legislature.

The Materialmen's Act of 1894, as amended in 1905, is highly remedial; its purpose, simple and beneficial, is to give a remedy to materialmen and laborers on the bond of the original contractor and a reasonable time to enforce it and to unite all claimants in a single proceeding.

Although the provisions of the act present an apparently insolvable puzzle owing to ambiguity and conflict with each other, they must be adapted to fulfil the purpose of the act, and the court must consider which of such provisions must give way and which are the fittest to accomplish that result.

The provision in the third proviso of the amended Materialmen's Act requiring notice to be given to other creditors by the creditor availing of the right to commence suit within the year in case the Government has not instituted a suit within six months after completion, is not of the essence of jurisdiction of the court over such a case nor a condition of the liability of the surety on the bond.

THE facts, which involve the construction of the Materialmen's Acts of 1894 and 1905, are stated in the opinion.

*Mr. George B. Class* for plaintiff in error:

The construction of the act of Congress of February 24, 1905, is involved in the question as to jurisdiction which is certified to this court.

The third proviso of the act of Congress of February 4, 1905, is directory and not mandatory or jurisdictional.

When one section of a statute treats specifically and solely of a matter, that section prevails in reference to that matter. *Long v. Culp,* 14 Kansas, 412.

When the first section of a statute conforms to the obvious legislative intent, it is not rendered inoperative by any later section which may appear inconsistent with that intent. *State v. Bates,* 96 Minnesota, 110; *Hall v. State,* 39 Florida, 637.

A later clause which is obscure and incoherent will not prevail over an earlier one which is clear and explicit. Gundlich on Interpretation of Statutes, § 183.

The third proviso is directory and not mandatory or jurisdictional. 1 Sutherland on Statutory Construction, p. 1114.

Statutes are to be construed so as to effectuate legislative intent. *United States v. Freeman,* 3 How. 556; *Durousseau v. United States,* 6 Cr. 307.

The third proviso of the act is not intended to change the period of limitation within which the claims of subcontractors, etc., may be asserted in a suit on the bond, and where claims were asserted within the six months specified it was immaterial that the notice was not published three months and three weeks prior to the expiration of the year within which suit might be instituted. *Vermont Marble Co. v. National Surety Co.,* 213 Fed. Rep. 429.

The failure to obtain a court order as to service by publication, under the act, is not fatal to plaintiff's recovery, in view of the ambiguity of the statute upon the subject,

and where the notice to all creditors of their right to intervene was published daily for three consecutive weeks in manner and form as done by plaintiff, and where the record fails to show that any creditor was injured by any alleged defect as to time and manner of notice.

The stipulation equitably estops the defendants from raising any objection as to the sufficiency of the notice required by proviso three of the act. The time and circumstances under which the stipulation was made show that no injury or fraud was wrought against creditors by the making of the stipulation.

Defendants should not be permitted to assert provisions of the act intended for the benefit of creditors, in order to extinguish their own liability to such creditors upon the bond given for their benefit. *Van Rensselaer* v. *Kearney*, 11 How. 326.

Defendants are estopped from pleading insufficiency of notice under the circumstances, etc. 5 Ency. U. S. Sup. Ct. Rep., pp. 590, 938; *Catts* v. *Whalen*, 2 How. 376; *United States* v. *Girault*, 11 How. 22; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *Dair* v. *United States*, 16 Wall. 1; *Dickerson* v. *Colegrove*, 100 U. S. 78.

*Mr. John R. Halsey*, with whom *Mr. Adrian T. Kiernan* was on the brief, for defendant in error:

Compliance with the requirements of the third proviso of the act is a limitation upon the liability to the plaintiff.

The stipulation did not give existence to a cause of action where there was none under the act.

The motion to dismiss the writ of error should be granted.

The writ of error should be dismissed or the judgment should be affirmed.

In support of these contentions, see *Fore River Shipbuilding Co.* v. *Hagg*, 219 U. S. 175; *Texas Cement Co.* v. *McCord*, 233 U. S. 157; *Vermont Marble Co.* v. *National*

*Surety Co.,* 213 Fed. Rep. 429; *United States* v. *Congress Const'n Co.,* 222 U. S. 199; *United States* v. *Stannard,* 206 Fed. Rep. 326.

MR. JUSTICE McKENNA delivered the opinion of the court.

The United States, suing for the use of the Alexander Bryant Company, plaintiff in error, was plaintiff in the court below, and the defendants in error defendants.

The complaint alleged the following facts: the New York Steam Fitting Company, entered into a contract with the United States for the mechanical equipment of the New York Custom House at New York. It gave bond for the faithful performance of its contract with defendant in error, The Title Guaranty and Surety Company as surety. One of the conditions of the bond was that the Steam Fitting Company would, among other things, promptly make payment to all persons supplying its labor and material in the prosecution of the work contemplated by the contract of the Steam Fitting Company with the United States.

The bond was accepted and the work undertaken and duly completed on or about February 19, 1908, the Alexander Bryant Company having, in pursuance of a contract with the Steam Fitting Company, furnished all the materials and performed all of the work, upon which there is a balance due to the Bryant Company of $5,431.18. Under the terms of the agreement between it and the Steam Fitting Company it should have been paid as the Government paid the former, and as final payment was made by the Government February 15, 1908, interest is demanded.

No action, it is alleged, had been brought by the United States against defendant within six months after, nor had one year elapsed since, the performance and final settle-

ment of the contract by the New York Steam Fitting Company prior to the commencement of this action.

It is alleged that in pursuance of the requirements of the act of Congress of August 13, 1894, c. 280, 28 Stat. 278, as amended February 24, 1905, c. 778, 33 Stat. 811, under and by virtue of which this action is brought, complainant served personal notice of the pendency of this action upon all known creditors, informing them of their right to intervene as the court might order, and in addition thereto published the notice in a newspaper of general circulation in the city, county and State of New York for three successive weeks, the last publication of which was three months before the time limited therefor as in the acts of Congress provided.

A bill of particulars was furnished defendants, of which the following is a copy:

"The plaintiff as and for a Bill of Particulars, demanded by The Title Guaranty & Surety Company herein, avers:

"That pursuant to the requirements of the Acts of Congress under which this action is brought, the plaintiff herein made personal service of Notice of the Pendency of this action upon all known creditors of the New York Steam Fitting Company, as follows:—

"On Messrs. Peet and Powers, November 21st, 1908, on Hermann & Grace, November 21st, 1908, on Henry R. Worthington, November 19th, 1908, on John Simmons Company, November 20th, 1908, on Cutler Hammer Company, November 19th, 1908, on Rob't A. Keasby Co., November 20th, 1908.

"That under date of November 21st, 1908, Messrs. Hardy & Shellabarger, attorneys for New York Steam Fitting Company and The Title Guaranty & Trust Company of Scranton, Penna. (now The Title Guaranty & Surety Company) stipulated with the attorney for the plaintiff as follows:—

"'It is hereby consented on the part of the defendants

that defendants waive any failure on the part of the plaintiff to notify creditors under the third proviso of the Statute, provided no more such notices are sent.'

"That on the 5th day of November, 1908, and on each day thereafter to and including November 25th, 1908, there was published in the New York Press of New York City, New York, a notice of the pendency of this action, addressed to all known creditors of the defendant, the New York Steam Fitting Company.

"Attached hereto and forming a part of this Bill of Particulars is a copy of the form in which personal notice of the pendency of this action was served upon all known creditors of the New York Steam Fitting Company, and a copy of the notice which was given by publication in the New York Press to aforesaid creditors.

"Dated, New York, December 7th, 1909."

Copies of the notices are inserted in the margin.[1] It

---

[1] "Please take notice that the above named Alexander Bryant Company, has commenced an action in the name of the United States of America under the provisions of the Act of Congress of August 13th, 1894 (as amended by Act of Congress of Feb. 24th, 1905) to recover a judgment against the defendant New York Steam Fitting Company and its surety The Title Guaranty & Trust Company of Scranton, Penna., for a sum of money alleged to be due and owing to the aforesaid Alexander Bryant Company for work, labor, materials and services furnished as sub-contractors under the contract and bond entered into by the New York Steam Fitting Company for the mechanical equipment of the new custom house at New York City, New York, in which bond the defendant, The Title Guaranty & Trust Company of Scranton, Penna., is joined as surety.

"As required by the express provisions of the aforementioned acts of Congress, and as one of the creditors of the New York Steam Fitting Company, under aforesaid contract, you are hereby notified of your right to intervene and be made an additional party plaintiff in this action, as the Court may order, so as to have the rights and claims of any and all existing creditors under said contract and bond, adjudicated in one and the same action.

"Dated, New York, Nov. 2nd, 1908."

"Pursuant to the requirements of an Act of Congress of August 13th,

was stipulated that certain of the creditors who were served with personal notice appeared in the action and filed pleas of intervention.   The action was subsequently discontinued as to them, they having been settled with by the Surety Company.

The answer of the Surety Company is unimportant except so far as it raises the issue, which is the crux of the case, whether the action was brought in time or whether proper notice of it was given to other creditors.

The answer of the Steam Fitting Company is also unimportant.

The case, by consent of the parties, was referred to a referee, upon whose report judgment was to be entered "as if said cause had been heard before the court."

The referee found and reported the basic facts of liability of the Surety Company, but found besides that the action was not commenced in time as provided by the acts of Congress, nor was notice given to creditors as required, and therefore directed a judgment dismissing the complaint.   A judgment was subsequently entered by the court after motion for a new trial was denied by the referee.

The following facts appear from the report of the referee: The date of final settlement between the United States and the Steam Fitting Company was February 19, 1908, and to show compliance with the provisions of the act of Congress set out below, the Bryant Company

---

1894, and of February 24th, 1905, amendatory thereof, notice is hereby given to all creditors of the above named defendant New York Steam Fitting Company, under the contract between the plaintiff and the said last named defendant (and the co-defendant, as their surety) for work incident to the construction of the Custom House, that the above entitled action has been instituted upon the bond of the defendant-contractor and against said surety, and that any creditor may file his claim in this action and be made a party herein as in said acts of Congress provided.

"New York, October 16th, 1908."

Both notices were signed by plaintiff's attorney.

offered evidence of the publication of notice to creditors in the New York Press, beginning November 5, 1908, and also introduced in evidence a stipulation between it and the defendants made November 21, 1908, by which defendants' time to move or plead was extended and by which it was stipulated as follows:

"It is hereby consented on the part of defendants, that defendants waive any failure on the part of plaintiff to notify creditors under the third proviso of the Statute, provided no more such notices are sent."

Prior to the execution of the stipulation the Bryant Company had personally served all known creditors with notice in the form hereinbefore given. Notwithstanding the stipulation, notice by publication continued for the full twenty-one days, to and including November 25, 1908.

The Surety Company moved to strike out the evidence of publication as incompetent, irrelevant and immaterial on the grounds (1) That there was no order of the court obtained for the giving of the notice. (2) That under the act of Congress the last publication of such a notice must expire three months before the end of the year after the final completion of the contract, that is, on November 18, 1908, whereas the last publication of the notice offered in evidence was on November 25, 1908, seven days beyond the time.

The motion was based on certain provisos of the act of Congress already referred to. The act is entitled "An Act for the Protection of Persons Furnishing Materials and Labor for the Construction of Public Works." It provides for the execution of a bond by any person entering into any formal contract with the United States for any public work and that in any action instituted by the United States any person who has furnished materials or labor to the contractor may intervene and become a party to the action. If no action be brought by the United States within six months from the completion and final settle-

ment of the contract, then any person furnishing materials or labor may bring suit in the name of the United States in the circuit court of the United States [now district court] in the district in which the contract was to be performed and executed, irrespective of the amount in controversy, and not elsewhere, for his or their use and benefit, against the contractor and his sureties.

The provisos are as follows:

"*Provided*, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later:

"*And provided further*, that where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later. . . .

"*Provided further*, that in all suits instituted under the provisions of this Act such personal notice of the pendency of such suits, informing them of their right to intervene as the Court may order, shall be given to all known creditors, and in addition thereto notice of publication in some newspaper of general circulation, published in the State or town where the contract is being performed, for at least three successive weeks, the last publication to be at least three months before the time limited therefor."

It was admitted that no court order was obtained specifying the kind of notice to be given creditors or giving directions as to publication.

The referee decided that an order of the court was necessary and that "the publication proved did not come within the time limit of the statute."

The argument of the referee was that the conditions

of suit by the creditors of a contractor were (1) the omission of the United States to sue within six months from the completion and final settlement; (2) an action by a creditor must be commenced within one year after such performance and final settlement; (3) only one action can be brought, in which any creditor may file his claim and be made a party thereto within one year from the completion of the work under said contract, and not later. (4) Personal notice must be given to known creditors and in addition notice by publication, the last publication to be at least three months before the time limited therefor. In other words, and succinctly, the referee held that the time for a suit by creditors must be within one year from the complete performance of the contract and its final settlement, and as there could be only one action, this time was the limit within which other creditors could file their claims, and that notice to them, whether personal or by publication, must be in such time as to enable this to be done. He held further that this was a jurisdictional requirement. In this ruling the District Court concurred and certified "that the jurisdiction of the Court over the persons and subject matter in this action is in issue," and that this was done in accordance with the provisions of § 238 of the Judicial Code.

Defendants in error, however, move to dismiss the writ of error on the ground "that no question as to the jurisdiction of the court below to hear and determine the cause is in issue."

Under § 238 of the Judicial Code a case may be brought here directly from a District Court if the jurisdiction of the court was in issue, that question alone to be certified.

The present case satisfies this requirement. The controversy between the parties must have been understood by the referee and the District Court to involve the jurisdiction of the court. Indeed such was the explicit contention of the Surety Company, and both referee and

court in the decision of the issue thus presented dismissed the action. The Bryant Company combated the conclusion and still combats it. The issue of jurisdiction was and is, therefore, plainly marked. It may be that the referee and the court were in error in their decision, but this could not be asserted or demonstrated except by proceedings in error, to be taken as prescribed by law, and to this court. We cannot make the possible error of the court a ground for refusing to review it. The right of review is given to correct the error, if error there be, and the decision of the question involved is given to this court by § 238 of the Judicial Code. We are brought, therefore, to the consideration of the correctness of the ruling.

The act of Congress is undoubtedly ambiguous. Indeed, considering the letter only of the three provisos with which we are concerned they absolutely repel accommodation. We must try, however, to give coherence to them and accomplish the intention of Congress. The act is intended to be highly remedial. Its purpose is simple and beneficial. It is to give a remedy to material men and laborers on the bond of the original contractor and a reasonable time to enforce it, and in a single proceeding to unite all claimants. It, however, imposes a limitation of time on all claimants, the time beginning to run from the same event. From this the complexity in the construction of the act arises.

By the first proviso of the act a creditor cannot institute suit until after the complete performance of the contract and its final settlement, but after such events he may do so (the United States not having sued) within one year from their fulfillment. This is clear enough. The next proviso introduces ambiguity. "Only one action shall be brought," is its provision, in which "any creditor may file his claim . . . and be made a party thereto *within one year from the completion of the work and not later.*" The words in italics are disturbing. "These

rights to intervene and to file a claim, conferred by the
statute, presuppose an action duly brought under its
terms." Texas Cement Co. v. McCord, 233 U. S. 157, 163.
But by its terms the instituting creditor has one year from
the designated events to commence his action. If he
file it on the last day of the designated time what then
becomes of the rights of other creditors who must file their
claim within the same limit of time and not later? The
question is not easy to answer and any answer may be
disputed. It presents a puzzle for judicial resolution
apparently insolvable.

. There is more ambiguity when we bring forward the
next, and third, proviso. Notice of the suit must be
given to creditors, personally if they be known and by
publication besides, informing them "of their right to
intervene as the court may order." Passing what the
quoted words may mean and coming to the requirement
of notice, it is provided that it must be "for at least three
successive weeks, the last publication to be at least three
months before the time limited therefor."

This seemingly brings us to an impasse. How can the
instituting creditor (so called for convenience) have a
year to commence his suit and yet give the notice re-
quired?—and it is to be remembered that the intervening
creditor must file his claim also within a year.

The Surety Company sees the difficulty and seizes it to
press its contention that the year's time for bringing suit
is not an authorization of such time but a permission and
must be availed of so as to permit of the notice to creditors
provided for; in other words, that the time in which to
bring suit or file a claim, which is explicitly given, is cut
down by the provision for notice; that is, the instituting
creditor is given not one year from the indicated events to
institute a suit but one year to institute suit and serve
notice of it, which notice must precede the expiration of
the year by at least three months and three weeks. This

limitation of time is brought about, it is contended, with all of its embarrassment to the creditor who institutes the suit and to the creditors who may want to intervene in it, by the third proviso, which is made all-dominating, bending the other provisions to it, and made even a jurisdictional condition of suit against the sureties of the contractor.

There are grounds for the contention, but there are opposing grounds, which, we think, are supported by the better reason, all things considered. As we have said, the act of Congress is highly remedial and its provisions must be adapted to fulfill its whole purpose.

In *Vermont Marble Company* v. *National Surety Company*, 213 Fed. Rep. 429, the Circuit Court of Appeals for the Third Circuit had occasion to pass upon the act of Congress under consideration. The Court, Circuit Judge Gray speaking for it, decided against the contention now made by the Surety Company. The careful review and exposition of the statute there made leave little else to be said.

That case illustrates the consequences of the contention of defendants in error. Here the contention is urged to defeat a suit by the instituting creditor against the surety of the contractor; there it was urged to defeat a claim of an intervening creditor.

The suit was on a contractor's bond by one who furnished materials to the contractor. The work was completed and final settlement made June 14, 1912. The suit was brought February 28, 1913, within one year from the completion of the work. Notice to creditors was given by publication, the last publication being on April 9, 1913, twenty-three days prior to the expiration of the time within which the suit could have been brought. The Vermont Marble Company intervened and filed its statement of claim within the time prescribed by the statute. The claim was resisted on the ground that publication of notice

to creditors should have been so made that the last publication would have been at least three months before the time limited for bringing the suit, and therefore should have been started not later than February 21, 1913 (it was started February 28, as we have seen), so that the last publication should have been on or before March 14, 1913, three months before June 14, 1913, the time when the right to bring suit expired. It was contended that the suit not having been brought nor publication made within the time required by the act, it could not be maintained either by the original plaintiff or the Vermont Marble Co. or other intervening creditors. The contention found favor with the District Court; it was rejected by the Court of Appeals. The latter court concluded that the third proviso was directory and not a limitation upon the right of action given by the other provisos.

*Texas Cement Company* v. *McCord*, 233 U. S. 157, does not militate against that conclusion. In the latter case it was decided that no right of action accrued to a material man until the time reserved to the United States to sue had expired and that this condition was expressed too clearly to be mistaken.

It is urged that it is a consequence of our construction that an action may be commenced on the last day of the year and that all opportunity for intervention may be precluded, for, counsel say, "intervention cannot be conducted in a day" and it would seem as if the act intended "to afford creditors an interval of three months within which to secure an intervention." Even if this be the consequence, some of the provisions of the act, as we have intimated, must give way. We can only select those which we consider the fittest to prevail to accomplish the purposes of the statute; and at the very start comes the suggestion that even if it be granted that the diligent creditor is under obligation to give notice to a waiting or tardy, or, it may be, unwilling one, how is the surety of

·the contractor concerned with the discharge of the obliga-
tion? At the most its concern is only to be protected
against claims delayed beyond the limit of time provided
by the act. We may refer again to *Vermont Marble Com-
pany* v. *National Surety Company.* The court in that case,
in careful distinction between the purposes of the provisos,
said that the first and second confer a substantive right
of action or intervention limited only by a time for asser-
tion, that is, one year from the completion of the work;
and that that time was "obviously for the benefit of the
sureties on the bond"; while the last proviso (the third)
was "just as obviously for the benefit of the creditors
alone." It was pointed out that indeed it was to the in-
terest of the sureties not to bring in the other creditors,
and yet they contended that the provision for notice to
the creditors was mandatory and jurisdictional and not
simply directory. The same contention is made in this
case. In other words, it is in effect contended that a pro-
vision which it is to the interest of the Surety Company
not to have observed the statute gave it a right to have
observed. Such a contradiction of interests and rights we
cannot assume the statute intended to create nor that it
was intended to give to the Surety Company a right to
have done that which it is its interest not to have per-
formed. The provision for notice therefore is not of the
essence of jurisdiction over the case, nor a condition of the
liability of the Surety Company. We need not go farther
in this case.

In the cited case it was held that the third proviso was
directory only, and the conclusion has reason to sustain it.
There can be no sacrifice of rights in it, neither of surety
companies nor of creditors. Every creditor has the same
rights and may institute the action provided for in the first
proviso. If he does not choose to do so it is his own affair;
and he may guard against surprise or deception. He knows
the time limit of suit and of intervention. He knows

that the suit must be brought in the District Court of the United States in the district where the contract was performed. It would seem as if the law owed him no further care. If he chooses he may institute proceedings if another has not done so. If another has, he knows in what court and within what time and he may intervene. He has, therefore, the means of suit or the means of intervention. An attentive waiting is all that is necessary for either, and indeed is his ultimate safeguard, as intervention must depend on a suit previously instituted.

*Judgment reversed and cause remanded for further proceedings in accordance with this opinion.*