UNITED STATES ex rel. PROCTOR MFG. CO. v. ILLINOIS SURETY CO. et al.

(Circuit Court of Appeals, Second Circuit. November 9, 1915.)

No. 19.

1. UNITED STATES ☞67—SUIT ON BOND OF CONTRACTOR FOR PUBLIC WORK—FORM OF SUIT.

A suit on the bond of a contractor for public work under Act Aug. 13, 1894, c. 280, 28 Stat. 278, as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1913, § 6923), is properly brought in equity.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ☞67.]

2. UNITED STATES ☞67—SUIT ON BOND OF CONTRACTOR FOR PUBLIC WORK—NOTICE TO CREDITORS.

Notice to creditors of the pendency of a suit on the bond of a contractor for public work held in full compliance with the requirements of Act Aug. 13, 1894, as amended by Act Feb. 24, 1905.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ☞67.]

3. UNITED STATES ☞67—SUIT ON BOND OF CONTRACTOR FOR PUBLIC WORK—INTEREST.

In such suit, where the amount due a creditor is capable of being ascertained by mere computation, interest may properly be allowed thereon prior to the date of final decree.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ☞67.]

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by United States, on the relation of the Proctor Manufacturing Company, against the Illinois Surety Company, impleaded. Decree for complainant and intervening creditors, and defendant appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This cause comes here upon appeal from a decree of the District Court, Northern District of New York. The decree adjudged that the defendant Surety Company was liable on one of its bonds to the Proctor Manufacturing Company and certain intervening creditors. The bond was given on behalf of one Ambrose B. Stannard as surety in connection with his contract with the United States government for the building of a post office at Malone, N. Y.

The suit was instituted and prosecuted under the act of Congress of August 13, 1904, as amended February 24, 1905, for the price of labor and material furnished to the contractor. The section of this statute which is relevant to the controversy is a long one. It provides for the giving of surety bond by the contractors for the construction of any public building, conditioned that the contractor shall promptly make payment for all labor and materials supplied to him for the work. It gives to any person who has so furnished labor or material the right to intervene and be made a party to any action instituted by the United States on the bond, and to have his rights and claim adjudicated in such action and judgment rendered thereon, subject to the priority of the claim of the United States. It next provides that: "If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and material shall, * * * (upon complying with certain requirements * * *) be * * * authorized to bring suit in the name of the United States * * * for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution."

These provisions are qualified by three provisos, as follows: "Provided, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later: And provided further, that where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later. * * * Provided further, that in all suits instituted under the provisions of this act such personal notice of the pendency of such suits, informing them of their right to intervene as the court may order, shall be given to all known creditors, and in addition thereto notice of publication in some newspaper of general circulation, published in the state or town where the contract is being performed, for at least three successive weeks, the last publication to be at least three months before the time limited therefor."

Cookinham & Cookinham, of Utica, N. Y., for appellant.

D. B. Lucey, of Ogdensburg, N. Y., for appellee.

Richard R. Martin, of Utica, N. Y., for American Hardware Co.

W. F. Kimber, of New York City, for interveners.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. [1] This cause was begun as an action at law; subsequently the District Judge by order transferred it from the law to the equity side of the court. Error is assigned to such disposition of the cause, but the point thereby raised need not be here discussed. It was disposed of adversely to appellants in our opinion in U. S. ex rel. Miller v. Mitchell, 212 Fed. 136, —— C. C. A. ——.

The proposition mainly relied upon on the argument was that the notice to creditors required by the third proviso above quoted was not given in conformity with the requirements of the statute. The provisions of the statute in that particular are intricate and in some respects inconsistent. The Supreme Court made short work of them

in Alexander Bryant Company v. New York Steam Filtering Company, 235 U. S. 327, 35 Sup. Ct. 108, 59 L. Ed. 253. But it is not necessary to apply the construction laid down in that case; the facts proved here show compliance literally with the terms of the statute.

Final settlement between the government and contractor was complete October 10, 1912. The period of six months within which the government alone could bring suit expired April 10, 1913. This suit was instituted by one of the creditors on June 9, 1913. It was therefore begun after performance and final settlement and within one year after such performance and settlement.

[2] Upon June 24, 1913, plaintiff submitted an affidavit to the court stating that it had made diligent efforts to ascertain the names of other creditors of the contractor in connection with the contract sued upon, who may be entitled to intervene, and gave a list of such creditors as it had been able to discover, with their addresses. Upon this affidavit the court ordered that to each of these creditors there should be sent by mail, postage prepaid, a copy of an order which the court had made on June 10, 1913. This order of June 10th stated that an action had been commenced in the District Court, Northern District of New York, against Stannard (the contractor) and his surety (the defendant) to recover for labor and material used in the construction of the United States post office at Malone, N. Y., on account of his contract for the construction of said post office building. It further stated that all persons who had furnished labor or material to the contractor for such construction and who had not been paid may, if they were entitled to intervene in said suit, have their rights adjudicated under the provisions of the acts of Congress. Copies of this order, which constituted the personal notice ordered by the court, were mailed to all known creditors on June 27th, except as to three who were served personally on June 28th, and July 8th. This in our opinion was a full compliance with the terms of the third proviso as to personal service, even if such proviso had not been practically eliminated by the recent decision in Alex. Bryant v. New York S. F. Company, supra. The circumstance that subsequently additional creditors may have been discovered and notified, or that subsequently additional notice may have been sent to these already notified, ex abundante cautela, is immaterial. The circumstance that the order of June 10, *1913*, contained a manifest error, directing publication to be made in a newspaper "prior to October 10, *1910*," is too trivial for discussion.

The order of June 11th, which was certainly a sufficient form of notice under the statute, was published once a week, viz. June 13, June 20, and June 27, 1913, in the Malone Evening Telegram, a newspaper of general circulation. This was in compliance with the statute; it was published in three successive weekly issues of the paper, and more than three weeks elapsed between the date of the first publication and the date on which, under the statute, the person notified might intervene. Moreover, the last publication was more than three months before October 10, 1913. The circumstance that the court did not direct that it should be published in that particular newspaper is of no importance; the last half of the third proviso does not re-

quire selection of the newspaper to be made by the court. There was full compliance, so far as newspaper publication is concerned, with the requirements of the third proviso, even if it had never been modified by the Supreme Court in 235 U. S. 327, 35 S. Ct. 108, 59 L. Ed. 253. The circumstance that subsequently a further advertisement was made in another newspaper is unimportant.

[3] The appellant also claims that the court below should have allowed no interest to the complainant, nor to any of the intervening creditors. The objection is based on the assumption that the claims were not liquidated until the court on November 13, 1914, determined in final judgment the amounts due to each of the claimants. It is said the claims could not, prior thereto, have been ascertained by a mathematical computation. Interest has been allowed on the various claims beginning May 1, 1914, that being the date of final hearing.

We find no error in the allowance of interest in the case of the intervening creditors. In the case of each of them the amount due was capable of being ascertained by mere computation, which is all that is required; the old common-law rule, which required that a demand should be liquidated or its amount ascertained, having been to that extent modified. Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493. In the case of each of the intervening creditors the amount due was a mere matter of computation.

In the matter of the Proctor Manufacturing Company the facts are somewhat different from the facts as to the claims of the intervening creditors. At the hearing the Surety Company presented two claims, one for $60 for painting, and one for $40.72 for freight and cartage. The first of these the court disallowed, and the second it allowed. But the answer contained no reference to either of these credits subsequently claimed, and in such answer claimed no offsets. We do not see that there is any objection to be made as to the allowance of interest as against it.

Judgment affirmed.