### UNITED STATES, for Use of JOSEPH TINO & CO., Inc., v. RANGELY CONST. CO., Inc., et al.

(District Court, E. D. New York. January 26, 1923.)

United States ⧉⧉67(3)—Intervention in suit on contractor's bond must be within time limited by statute.

In a suit by a subcontractor on the bond of the principal contractor, under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), another claimant may not intervene after expiration of the year fixed by the statute, and the time is not extended because of the previous commencement of suit in a state court.

At Law. Action by the United States, for the use of Joseph Tino & Co., Inc., against the Rangely Construction Company, Inc., and the Fidelity & Deposit Company of Maryland. On motion of John A. McKenney for leave to intervene. Denied.

Kelly, Hewitt & Harte, of New York City, for petitioner.
Foley & Martin, of New York City, for plaintiff.
A. Parker Nevin, of New York City, for defendants.

GARVIN, District Judge. This is an application for an order permitting John A. McKenney to intervene as a party plaintiff. The action was brought on February 25, 1922, by Joseph Tino & Co., Inc., in the name of the United States of America, pursuant to the provisions of the Act of August 13, 1894, entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," as amended by the Act of February 24, 1905 (Comp. St. § 6923), to recover against the Rangely Construction Company, Inc., as

principal, and the Fidelity & Deposit Company of Maryland, as surety, for moneys due for labor and materials furnished as subcontractor under contracts between the United States of America and the Rangely Construction Company, Inc., dated March 31, 1920, and June 26, 1920, respectively.

The application is opposed on the ground that the petitioner has failed to intervene prior to July 1, 1922, upon which date the one-year period mentioned in the statute expired. The Act of February 24, 1905, so far as applicable, provides:

"If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the Department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution: Provided, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later: And provided further, that where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later."

It is conceded that the petitioner failed to intervene within the statutory period, but it is contended that an action brought by him in the Municipal Court of the City of New York, in which he served a summons on the defendant Fidelity & Deposit Company of Maryland, which action is pending, had the effect of extending the one-year period. The latter action cannot be held to amount to filing a claim, because, under the statute, the claim must be filed in the suit now before the court.

I have examined with care the case of United States of America, for the use of Alexander Bryant Co., v. New York Steam Fitting Co., 235 U. S. 327, 35 Sup. Ct. 108, 59 L. Ed. 253, upon which the petitioner relies. In that case, however, the court observed that "some of the provisions of the act, as we have intimated, must give way." And later in the opinion:

"Every creditor has the same rights and may institute the action provided for in the first proviso"—i. e., of that part of the act above quoted. "If he does not choose to do so, it is his own affair; and he may guard against surprise or deception. He knows the time limit of suit and of intervention. He knows that the suit must be brought in the District Court of the United States in the district where the contract was performed. It would seem as if the law owed him no further care. If he chooses he may institute proceedings if another has not done so. If another has, he knows in what court and within what time and he may intervene. He has, therefore, the means of suit or the means of intervention. An attentive

waiting is all that is necessary for either, and indeed is his ultimate safeguard, as intervention must depend on a suit previously instituted."

From this it is clear, I think, that while the court recognizes the ambiguity of the act, it does not suggest that there should be any extension of the one-year period. Indeed, it is said at page 337 of 235 U. S., at page 111 of 35 Sup. Ct. (59 L. Ed. 253):

"It [the act] however, imposes a limitation of time on 'all claimants, the time beginning to run from the same event."

The motion must be denied.