**UNITED STATES for use of GANFORD CO., Inc., v. CONNERS et al.**

(District Court, E. D. New York. November 22, 1923.)

1. United States ⚖=67(3)—Action on contractor's bond not dismissed though no notice given creditors.

An action against a surety on a government contractor's bond, under Act Feb. 24, 1905 (Comp. St. § 6923), cannot be dismissed for lack of statutory notice to creditors.

2. Limitation of actions ⚖=180(7)—Serious dispute not determined on affidavits on motion to dismiss complaint.

In an action on a government contractor's bond, under Act Feb. 24, 1905 (Comp. St. § 6923), where there was a serious dispute regarding the date of final settlement, a contention that the action was not brought within a year of that date, as required by the act, should not be determined on affidavits on a motion to dismiss the complaint under New York civil practice rule 107.

At Law. Action by the United States, for the Use of the Ganford Company, Inc., against Dennis E. Conners and another. On motion to set aside the summons and dismiss the complaint. Motion denied.

Humphrey J. Lynch, of New York City, for plaintiff.

Cohen, Lee & McDonald, of New York City, for defendants.

GARVIN, District Judge. This is a motion by defendant Margaret V. Conners, appearing specially, for an order setting aside the summons and dismissing the complaint, pursuant to rule 107 of the Civil Practice Act of the state of New York, upon the grounds: (1) That the court has not jurisdiction of the person of the defendant. (2) That the court has not jurisdiction of the subject of the action. (3) That the cause of action did not accrue within the time limited by law for the commencement of an action thereon.

[1] The suit is the usual action upon a contractor's bond running to the United States, which bond was executed under and governed by

the Act of Congress of February 24, 1905, being chapter 778, 33 Stat. 811 (Comp. St. § 6923). This act provides in part:

"That in all suits instituted under the provisions of this act such personal notice of the pendency of such suits, informing them of their right to intervene as the court may order, shall be given to all known creditors, and in addition thereto notice of publication in some newspaper of general circulation, published in the state or town where the contract is being performed, for at least three successive weeks, the last publication to be at least three months before the time limit therefor."

[2] The act provides, in addition, that suit shall be begun within one year after the performance and final settlement of the contract. Defendant rests her right to the relief sought upon plaintiff's failure to give notice to creditors, and upon the ground that this suit was not brought within a year after final settlement. The papers submitted upon the motion disclose that there is a serious dispute regarding the date of the final settlement. That should be passed upon at the trial and not determined upon affidavits.

With respect to the contention that the action must be dismissed because no notice was given to creditors, any rights given by the statute are for the benefit of creditors and cannot be asserted by the surety as a reason for dismissing a suit on a bond. As observed in the case of Bryant Co. v. N. Y. Steam Fitting Co., 235 U. S. 327, 35 Sup. Ct. 108, 59 L. Ed. 253:

"The provision for notice, therefore, is not of the essence of jurisdiction over the case, nor a condition of the liability of the surety company."

Motion denied.