**UNITED STATES, for Benefit of RHODE ISLAND COVERING CO., v. JAMES MILES & SON CO. et al.**

No. 4329.

District Court, D. Massachusetts.

Jan. 7, 1932.

Paris Fletcher and Gage, Hamilton, June & White, all of Worcester, Mass., for plaintiff.

Barker, Davison & Shattuck, of Boston, Mass., for defendant Metropolitan Casualty Co. and James Miles & Son Co.

F. P. McKeon, of Worcester, Mass., for intervening petitioners G. C. Winter Co., Alfred, R. C., and R. L. McKinstry.

LOWELL, District Judge.

This action was brought under the Materialmen's Act (USCA, title 40, § 270) against James Miles & Son Company, the contractor who built the post office at Southbridge, Mass., and its surety, the Metropolitan Casualty Company. The subcontractor for the excavation of the site of the building was the Framingham Concrete Company, and for the plumbing and heating the Devinney Company, a partnership made up of W. J. Devinney and W. S. King. The James Miles & Son Company required the partnership to furnish a bond, which it did with the Ætna Casualty & Surety Company as surety. The Ætna Company gave its bond to the partnership. Afterward the partnership incorporated itself without notice to the Ætna Company. The C. G. Winter Company furnished labor and materials to the Devinney Company.

The suit was begun by the Rhode Island Covering Company, which furnished the insulation for the heating pipes under subcontract for heating and plumbing. The McKinstrey Coal Company, which furnished coal to the Framingham Concrete Company, and the C. G. Winter Company, intervened.

After the suit was begun, the court, upon the petition of the Miles Company, ordered Devinney Company and the Ætna Casualty & Surety Company to intervene.

The case was referred to C. C. Barton, Esq., as auditor, and now comes before the court upon his clear and concise report. He found that the Rhode Island Company was owed the sum of $570, and the McKinstrey Company the sum of $44.94. As to the Winter Company he found that it was owed the sum of $1,857.60. A further sum of $15.25 is claimed by that company for furnishing a coal scoop and wheelbarrow. This was left to the court to decide; its allowance depends on whether these articles are "fire tools" within a term of the subcontract. I rule that the coal scoop and wheelbarrow are not fire tools, being rather of the nature of fuel transportation devices.

The auditor found that no notice was given nor publication made as required by the statute. The defendants contend that, as the statute has not been complied with, there can be no recovery. The argument as to lack of publication would be a compelling one were it not for the case of United States v. New York Steamfitting Company, 235 U. S. 327, 35 S. Ct. 108, 59 L. Ed. 253, where the Supreme Court, exercising its fatherly care

over badly drawn acts of Congress, has decided that the provision for publication is merely directory. See, also, Fleischmann v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

The provision as to personal notice is that such notice shall be given as the court may order. In the present case the court made no order, and I rule that in its absence no personal notice is required.

A further contention of the defendants is that, as to the claims of the Rhode Island Covering Company and the C. G. Winter Company, the Devinney Company is liable, and that to prevent an unnecessary further suit judgment should be entered against it and its surety, the Ætna Company, in this action. There is at least one objection to this contention. The defendants claim to recover not only whatever sums may be adjudged against them in this action, but also the expense of defending it, which they called upon the Devinney Company and the Ætna Company to do. The amount of this expense has not been determined, and cannot be determined until the present suit is concluded.

Let judgment be entered for the following amounts: McKinstrey Company, $44.94; Rhode Island Covering Company, $570; Winter Company, $1,857.60—with interest from the date of filing of the petition.