147 So. 158

NATIONAL SURETY CO. et al. v. AMERICAN CEMENT TILE MFG. CO.

6 Div. 282.

Supreme Court of Alabama.

March 23, 1933.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, for appellants.

374

J. Edgar Bowron and Kingman C. Shelburne, both of Birmingham, for appellee.

BOULDIN, Justice.

The question involved on this appeal is the jurisdiction of the circuit court to reopen a suit brought by a materialman on a contractor's bond under the public building statute (Gen. Acts 1927, p. 37), after final judgment in the original suit and all interventions then pending, and to entertain a petition for intervention by a materialman who had failed to intervene during the pendency of the suit or within thirty days after final judgment between the parties before the court.

The record discloses the following facts:

Final settlement was made with the contractor April 2, 1930. A few weeks thereafter, Mrs. Nichols, holding a claim for materials, brought suit on the bond in the circuit court. Three other materialmen intervened by petitions in due course. The cause was set for trial October 1, 1930, and on October 2d, judgment by agreement was entered for defendants on the claim of Mrs. Nichols, and on October 3d, judgments were rendered in favor of the several interveners. No order was made retaining the cause for further intervention.

On February 14, 1931, American Cement Tile Manufacturing Company, appellee, filed a petition for intervention, setting out the above facts, and the following in substance:

That intervener held a lawful and valid claim as a materialman secured by the bond; that this was known to the contractor and surety on the bond pending the suit; that no personal notice of the pendency of the suit was ever given to intervener; that intervener had no knowledge of the pendency of the suit until November following the trial and rendition of the judgments mentioned; that negotiations were going on between intervener and counsel for the surety pending the suit looking to a settlement of the claim; that the final judgments were entered by agreement, with knowledge on the part of defendants' counsel that the intervener had

no personal knowledge of the pendency of the suit.

The surety challenged the jurisdiction of the court to reopen the cause by plea in abatement and motion to strike.

The trial court entertained the intervention and proceeded to render judgment in favor of the intervener.

█ One insistence on which stress is laid is that the surety owed some duty to give the statutory notice of the pendency of the suit to all known creditors.

Notice by publication was given as per statute.

As to personal notice our statute reads: "In all suits instituted under the provisions of this act, personal notice of the pendency thereof, informing them of their right to intervene as the court may order, shall be given to all known creditors." Gen. Acts 1927, p. 38, § 3.

This is copied verbatim from the parent statute with the single exception that our statute omits the word "such" before "personal notice" as found in the federal statute. The federal statute is a bit more grammatical in saying "such" notice "as" the court may order, but the meaning is the same. Neither statute places any duty on any party to the cause touching such notice, except as the court may order. United States for Benefit of Rhode Island Covering Co. v. James Miles & Son Co. (D. C.) 55 F.(2d) 249.

Neither the published notice, nor the personal notice is jurisdictional, but both are declared by federal decisions to be directory merely. United States for Use of Alexander Bryant Co. v. New York Steam Fitting Co., 235 U. S. 327, 341, 35 S. Ct. 108, 59 L. Ed. 253; Vermont Marble Co. v. National Surety Co. (C. C. A.) 213 F. 429.

A like construction will be given to like provisions of our statute, enacted subsequent to this construction of the parent statute. United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622; State, for Use of Wadsworth, v. Southern Surety Co., 221 Ala. 113, 127 So. 805, 811, 70 A. L. R. 296.

█ It follows, that while the circuit court had made no order for personal notice to known creditors, this did not affect its jurisdiction to proceed to a trial of the cause.

█ When tried and final judgments rendered as to all parties litigant, and no order made to retain the case for further interventions, the cause is ended as a suit pending, just as in other judgments at law. Otherwise, the whole scheme of one suit provided by statute would be destroyed. United States v. McGee (C. C.) 171 F. 209; Union Indemnity Co. v. Ricks, 224 Ala. 514, 140 So. 597.

When the cause was tried and final judgments rendered in all pending matters, the trial court, after the lapse of thirty days, lost all jurisdiction over its judgment disposing of the cause.

Appellee stresses in argument the fact that suits of this character are for the benefit of all, that intervention is of right, not a matter of discretion as in equity causes where the party may have relief by separate bill. This is all true, provided intervention is sought in the manner and within the time contemplated by law. The statute, which confers the right to a security of this character, also prescribes the terms on which it is available.

Maybe the statute is not as clear or adequate as it should be to give materialmen the full benefit of the security provided. Our statute, unlike the federal statute, prescribes no fixed limitation of time within which materialmen may intervene. We have approved the practice of making an order fixing a time, similar to proceedings in equity. This was not done in this case.

The courts, rather than the parties, are charged with the duty of conserving the interests of parties interested in the security. We concur in the argument that parties should not be permitted to prematurely settle the pending cause, "smother the suit" and so cut off interventions.

A remedy under the four months' statute, by relief in equity or by intervention and prosecution of an appeal in such case, or prosecution of such appeal when the trial court has overlooked the directory provisions touching personal notice, we have no occasion here to consider. Such remedies are suggested for consideration in aid of the administration of justice, if occasion arises.

What we do decide is, that where the court has jurisdiction to proceed to trial and final judgment, such judgment has all the force of other judgments at law, and is beyond the control of the court to vacate and reinstate the cause after the expiration of thirty days.

█ It will be noted in this case no trial and final judgment were had until the expiration of the statutory period of six months within which suit must be brought.

We would say the trial court, unless personal notice has been given, should never close the case until this time is up. Fleischmann Construction Co. v. United States, to Use of Forsberg, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Merchants' Nat. Bank of New Haven, Conn., v. United States ex rel. Sario (C. C. A.) 214 F. 200.

But, as pointed out in the federal decisions, the statute leaves materialmen to their own vigilance in bringing suit within the time allowed by law.

█ If vigilant in this regard, it can be readily ascertained whether an original suit

must be brought or intervention had in a suit already pending. The complaint that counsel for the surety should have advised this intervener of the pendency of the suit, that it was set for trial, or advised the court of known outstanding claims, is untenable. No such duty was on the surety, and the attorney's obligation was to his client rather than appellee. That the claim of Mrs. Nichols was adjusted and paid, and judgment rendered for defendants as to her claim, did not affect the result one way or the other.

The vital matter was the final disposition of the cause, so that there was no longer a suit pending.

The stipulation in the bond that no suit should be brought after twelve months from the date of final payment, was in the nature of an attempted limitation, and not intended to extend the time for suit beyond that authorized by law.

This statutory right and procedure within a limited time aim at a speedy settlement in which others than the surety are interested.

We think any stipulation to extend the time is opposed to the policy of the statute and not effective. Cameron v. Cameron, 95 Ala. 344, 10 So. 506.

The judgment will be reversed and one here rendered dismissing the petition for intervention.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.