UNITED STATES, for Use and Benefit of J. H. WELCH CO., Inc., v. FLEISHER ENGINEERING & CONSTRUCTION CO. et al.

No. 2193 A

District Court, W. D. New York.

Feb. 27, 1939.

Edwin J. Culligan, of Buffalo, N. Y., for plaintiff.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for defendants Maryland Casualty Co. et al.

KNIGHT, District Judge.

The defendants, Fleisher Engineering & Construction Company and Joseph A.

Bass, were contractors for the construction of a government structure known as Kenfield Housing Project No. H–6703, at Buffalo, N. Y. Easthom-Melvin Company, Inc. were sub-contractors on such structure, and the J. H. Welch Company, Inc., with the consent of the defendants, Fleisher and Bass, furnished certain work, labor and materials to Easthom-Melvin Company, Inc. Easthom-Melvin Company, Inc., failed to pay for these, and this suit is brought under the provisions of the so-called Miller Act, Chapter 642, Act Aug. 24, 1935, Title 40 U.S.C.A. § 270a, 270b, 270c, and 270d. Defendants, Royal Indemnity Company, Maryland Casualty Company, Fleisher Engineering & Construction Company, and Joseph A. Bass, move for a summary judgment dismissing the complaint upon the ground that there is no issue as to any material fact presented.

Defendants contend that the notice of claim was not served as required by the said Act and that the claim is insufficiently described in said notice. The statute, section 270b (a), provides that the notice precedent to the right to sue shall be served either by mailing by registered mail or as the United States Marshal is authorized to serve summons. The complaint alleges service of notice and the interrogatories show service was made by unregistered mail. The notice itself consists of a letter directed to Fleisher Engineering & Construction Company under the subject noted "Easthom-Melvin Co.; Kenfield Housing Project", and referred to an invoice enclosed therewith. This invoice shows the amount claimed, materials furnished and persons to whom furnished. The statute provides that notice shall show "with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed."

Sections 270a, 270b, 270c, and 270d, supra, replace old section 270, known as the Heard Act.

■ The old statute contained no provision for the service of any notice of claim on the contractor prior to suit. What has been said by the courts in regard to it, however, is to be considered in construing the present Act. "The strict letter of an act must, however, yield to its evident spirit and purpose, when this is necessary to give effect to the intent of Congress. * * * The purpose of the Materialmen's Act, which is highly remedial and must be construed liberally, is to provide security for the payment of all persons who supply labor or material in a public work, * * *." Fleischmann Const. Co. v. United States, 270 U.S. 349, 46 S.Ct. 284, 289, 70 L.Ed. 624. "Decisions of this court have made it clear that the statute and bonds given under it must be construed liberally, in order to effectuate the purpose of Congress as declared in the act. * * * Technical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute." (Citing numerous cases.) Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 616, 61 L.Ed. 1206. "The act is intended to be highly remedial. Its purpose is simple and beneficial. It is to give a remedy to materialmen and laborers on the bond of the original contractor, and a reasonable time to enforce it, and in a single proceeding to unite all claimants." United States for Use of Alexander Bryant v. N. Y. Steam Fitting Co., 235 U.S. 327, at page 337, 35 S.Ct. 108, at page 111, 59 L.Ed. 253. This case is especially in point. It involved the construction of the provision in Section 270, supra, which states that the creditor instituting suit shall give personal notice of its pendency and also notice by publication, the last publication to be at least three months before the expiration of the time in which to bring suit. The court there held that publication which expired 23 days prior to the suit limitation period was sufficient; that this provision was directory and that the right to institute suit was not affected.

■ "Statutes are not to be so literally construed as to defeat the purpose of the legislature." United States to Use of Hill v. American Surety Co., 200 U.S. 197, 26 S.Ct. 168, 170, 50 L.Ed. 437; see also United States v. Freeman, 44 U.S. 556, 3 How. 556, 11 L.Ed. 724. "Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion." Lau Ow Bew v. United States, 144 U.S. 47, 12 S.Ct. 517, 520, 36 L.Ed. 340. "The statute in question and the proceedings under it are such as to offer great opportunity for such objections, which, if favorably regarded, might often be invoked to defeat sub-

stantial justice. In order to prevent this, the Supreme Court has recognized the necessity of a broad and liberal construction of the act * * *." United States for use of McNulty Bros., v. Noel Const. Co., et al., D.C., 1 F.2d 446, 447. United States for Benefit of R. I. Covering Co. v. James Mills & Sons Co., D.C., 55 F.2d 249, like A. Bryant v. N. Y. Steam Fitting Co., supra, held that the failure to publish the notice did not defeat the right to sue.

■ Construing this statute, 270b (a), in the spirit approved by the Supreme Court, it seems to me it must be held that the service by unregistered mail was sufficient. It is presumed that the contractor received the notice. He had the same opportunity to notify the surety as he otherwise would have had. The surety was not prejudiced. The evident purpose of requiring registration was to insure delivery.

It is not seen that any of the cases cited by the defendants is determinative of the issues. In United States v. Boomer, 8 Cir., 183 F. 726, it was held that the limitation period was not extended by virtue of a state statute. Merchants National Bank of New Haven, Conn. v. United States, 2 Cir., 214 F. 200, seems to have been reversed by A. Bryant v. N. Y. Steam Fitting Co., supra. Belknap Hardware & Mfg. Co. v. Ohio River Contract Co., D. C., 264 F. 676, held that a creditor may not sue until after the expiration of the period fixed for suit by the United States. In Antrim Lumber Co. v. Hannan, 8 Cir., 18 F.2d 548, it was held that the final settlement or determination commences the tolling of the statute. Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206, hereinbefore cited, seems opposed to the view expressed on behalf of the defendant. Generally these cases relate to the period of limitation fixed by law.

Attention is called to the case of Breedlove v. General Baking Co., 1933, 138 Kan. 143, 23 P.2d 482, 483, and to certain language of the opinion seemingly directly in point. It was said: "The fact that the statute prescribes the delivery of the written claim by registered mail * * * might very properly and fairly come under the very general rule that it was the intention of the Legislature to exclude all other ways of doing it by mail. * * The Legislature in using these terms certainly meant something more formal than what might happen to come to an employer by mail, and therefore with an apparently good reason for making a distinction limited such service as far as being done by mail, to registered mail." In that case, however, no proof was made as to the address of the employer on the envelop enclosing the notice. The court held that such proof was necessary to give rise to the presumption of delivery and held for defendant employer, because plaintiff's case was based on presumption of delivery, rather than upon service or admission. But the court noted the citation of three Kansas cases arising under the same statute; Weaver v. Shanklin Walnut Co., 131 Kan. 771, 293 P. 950; Eckl v. Sinclair Refining Co., 133 Kan. 285, 299 P. 588; and Honn v. Elliott et al., 132 Kan. 454, 295 P. 719, in each of which it was held that service other than by registered mail was sufficient. These cases indicate that where actual receipt of the notice was proved or admitted, delivery by nonregistered mail was sufficient service of the notice despite the limitation of the statute. In the instant case it is to be presumed for the purposes of this motion that the contractor actually received the notice.

■ A question has been raised as to the sufficiency of the service upon the Fleisher Engineering & Construction Company alone and not upon Joseph A. Bass. As these were joint contractors, service upon either was sufficient. As to the sufficiency of the claim, it is to be said that the same meets fully every requirement of the statute.

The motion for summary judgment is denied.