No. 31,261

SHERMAN H. BREEDLOVE, *Appellee*, v. THE GENERAL BAKING COM-
PANY and THE CASUALTY RECIPROCAL EXCHANGE, *Appellants*.

(23 P. 2d 482.)

Opinion filed July 8, 1933.

*Irwin Snattinger, Hugh T. Fisher* and *E. B. Smith,* all of Topeka, for the appellants.

*M. Kilmnick,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is a proceeding under the workmen's compensation law in which the question involved on the appeal is whether the service of the written claim for compensation, sent by ordinary mail with no evidence as to the address of the employer on the envelope but with the presumption of delivery, was sufficient as a matter of law under the statute (R. S. 1931 Supp. 44-520a). The commission dismissed the proceeding because of insufficient service of this required ninety-day notice of claim. Claimant appealed, and the trial court, on review of the evidence, held the service to be sufficient and rendered judgment for the claimant, from which the respondent appeals.

The jurisdiction of the supreme court is limited to questions of law. A number of such questions are mentioned and briefed, but only two will be considered; they are, whether a letter mailed without any evidence as to the name and address of the employer being on the envelope is entitled to the benefit of the presumption of delivery, and whether, under the statute above cited requiring the

service and delivery of such written notice, it may be effected by ordinary mail.

On the first question, in order to avoid a possible oversight ·in a careful examination of the abstract, counter abstract and transcript, without finding anywhere any reference to there being any name or address on the envelope or what it was, a quotation is here made from the brief of appellee with reference thereto.

"... that the court was justified in finding that the letter was received and that Breedlove, a helpless cripple, should not be deprived of compensation on the mere pretext that the proof of the address on the envelope was not gone into to the utmost nicety of technical accuracy.

"When we proved it was *mailed,* such statement was sufficient to justify the court in finding that the envelope contained the same address as the letter."

With this statement supplementing our careful examination of the record we can safely say there was no evidence as to the name and address of the employer on the envelope in which the letter was mailed. A copy of the letter inclosed in the envelope did contain the name and address of the employer, and appellee urges that it should follow, or be presumed, that the same name and address were on the envelope. It is also said that some courts have held that the regular mailing of a letter with postage prepaid justifies the presumption that it was properly addressed, but we do not need to pursue that discussion further, for it has been held in this state that being properly addressed is one of the prerequisites to its being entitled to the presumption of delivery. It was said in *Shriver v. National Bank et al.,* 117 Kan. 638, 232 Pac. 1062:

"When a letter or other mail matter is shown to have been properly addressed and mailed with postage prepaid, it is a rebuttable presumption of fact that it was received by the addressee, and an instruction to that effect is not erroneous." (Syl. ¶ 4.)

The entire absence of evidence as to its being properly addressed deprives it of the presumption of delivery. If this in any way involved a conflict of evidence or any question of fact, this court would be required to accept the finding of the district judge, but the entire absence of any evidence on this question makes it a matter of law and one that requires a reversal, because claimant bases his proof of delivery upon the presumption and not upon service or admission.

With this conclusion it is unnecessary to go further, except to call attention to the definite and specific language of R. S. 1931

Supp. 44-520a as to the only ways in which such ninety-day claim can be made, which is as follows:

". . . a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail."

The fact that the statute prescribes the delivery of the written claim by registered mail as one of the ways of serving it might very properly and fairly come under the very general rule that it was the intention of the legislature to exclude all other ways of doing it by mail. If not, why designate registered mail?

"A statute that directs a thing to be done in a particular manner ordinarily implies that it shall not be done otherwise." (25 R. C. L. 982.)

"In accordance with the maxim, 'expressio unius est exclusio alterius,' where a statute enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned; and where it directs the performance of certain things in a particular manner, or by a particular person, it implies that it shall not be done otherwise nor by a different person. So where it prescribed certain conditions, compliance with which are necessary to the existence of a right, no other conditions need be fulfilled; but the maxim should be applied only as a means of discovering the legislative intent, and should never be permitted to defeat the plainly indicated purpose of the legislature." (59 C. J. 984.)

Appellee cites *Weaver v. Shanklin Walnut Co.*, 131 Kan. 771, 293 Pac. 950; *Eckl v. Sinclair Refining Co.*, 133 Kan. 285, 299 Pac. 588; and *Honn v. Elliott*, 132 Kan. 454, 295 Pac. 719, as instances where the serving of the claim by ordinary mail was recognized and approved, but in the Weaver case the employer answered and acknowledged receipt of the letter making the claim, which admitted both service and delivery thereof, without any resort to a rebuttable presumption, and in the other two cases there was no question raised about the receipt of the letters, and the presumption of delivery was not invoked.

The term "shall be served" calls for consideration as well as the term "by delivering." Not everything that comes into one's possession by mail or otherwise can be said to be served upon him. The legislature in using these terms certainly meant something more formal than what might happen to come to an employer by mail, and, therefore, with an apparently good reason for making a distinction, limited such service, as far as being done by mail, to registered mail.

The judgment is reversed, and the cause is remanded with directions to render judgment for the defendants for costs.