UNITED STATES, for Use and Benefit of HALLENBECK, v. FLEISHER ENGINEERING & CONSTRUCTION CO. et al.

No. 75.

Circuit Court of Appeals, Second Circuit.

Nov. 13, 1939.

---

Gibbons, Pottle & Pottle, of Buffalo, N. Y. (Frank Gibbons, of Buffalo, N. Y., of counsel), for defendants-appellants.

Edwin J. Culligan, of Buffalo, N. Y., for plaintiff-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges..

AUGUSTUS N. HAND, Circuit Judge.

George S. Hallenbeck, doing business under the name of Hallenbeck Inspection & Testing Laboratory, performed certain work during the months of March, April and May, 1937, in inspecting and testing materials on the Kenfield Housing Project No. H–6703 at Buffalo under an agreement with Easthom-Melvin Co., Inc., whereby he was to be paid by the latter $1,012.87.

The United States acting through the Federal Administrator of Public Works entered into a contract with Fleisher Engineering & Construction Co. and Joseph A. Bass (doing business as Joseph A. Bass Co.) whereby the latter were to furnish all the labor and materials and perform all work required for the construction of the superstructure for the Housing Project. The Easthom-Melvin Co., Inc., was a subcontractor of these concerns, and the labor performed by Hallenbeck under his agreement with the Easthom-Melvin Co., Inc., was required to be performed by Fleisher Engineering & Construction Co. and Bass under their contract with the United States and actually was performed with the knowledge, consent and approval of the main contractors. The Easthom-Melvin Co., Inc., neglected to pay Hallenbeck the amount which was admittedly owing to him. Thereupon, within ninety days after the date when payment became due, he wrote to the project engineer who represented the government in superintending the performance of the contract a letter notifying the engineer of his claim and of the default of Easthom-Melvin Co., Inc., in paying it and sent a copy of the letter by mail in a postpaid envelope to Fleisher Engineering & Construction Co. Each no-

tification was received, but the letter sent to Fleisher Company was sent by ordinary, and not by registered, mail. A copy of the letter of notification was not mailed to Bass. The notice showed on its face the amount claimed by Hallenbeck, that his contract was with the Easthom-Melvin Co., Inc., and that the items were for inspection and testing work.

The United States brought the present suit on behalf of Hallenbeck to recover upon a payment bond furnished by Fleisher Engineering & Construction Co. and Joseph A. Bass, the contractors, and by Royal Indemnity Company and Maryland Casualty Company as sureties. Under this bond, which was in standard government form, the contractors and the sureties bound themselves in the amount of $79,988 jointly and severally as follows: "If the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract, and any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the surety being hereby waived, then this obligation to be void; otherwise to remain in full force and virtue."

The plaintiff moved for a summary judgment upon the claim of Hallenbeck which was granted by Judge Knight. From that judgment an appeal was taken to this court.

The Miller Act, 40 U.S.C.A. § 270a (2), requires persons entering into a contract for the construction of any public work of the United States to furnish "a payment bond with a surety or sureties * * * for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person." The bond upon which this suit was brought was furnished in pursuance of the Act.

The Act, 40 U.S.C.A. § 270b, subdivisions (a) and (b), defines the rights of persons furnishing labor or materials for a public contract in respect of which a payment bond has been furnished as follows:

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, * * * and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons.

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. The United States shall not be liable for the payment of any costs or expenses of any such suit."

The only question for consideration is whether in view of the provisions of Section 270b, subdivision (a) of the Miller Act, Hallenbeck, called in the briefs "the use plaintiff", gave sufficient notice to the original contractors to enable him to bring suit on the payment bond.

█ We feel no doubt that the notice complied with the statute as to its contents. It was not, however, sent by registered but only by ordinary mail and therefore did not conform to the provisions of Section 270b (a) in respect to method of mailing. Furthermore, it was only mailed to Fleisher Engineering & Construction Co. and no separate notice was mailed to Joseph A.

928

Bass. On a motion for summary judgment made by the United States on behalf of Hallenbeck the District Court held that the notice sent to Fleisher Engineering & Construction Co. by ordinary mail satisfied the requirements of the statute and that such a notice to one of the contractors was sufficient to bind the other. We hold that his disposition of the motion was correct and accordingly that the judgment should be affirmed.

It is admitted that the notice was in writing and sent by mail and reached one of the two contractors who had jointly and severally agreed to perform the contract. The statute does not in terms make sending a notice by "registered mail" a condition of a right of action by or on behalf of one furnishing labor or materials in the prosecution of the work provided for in a public contract and we are confident that Section 270b, subdivision (a), should receive no such interpretation.

It is to be observed that subdivision (a) affords a right of action to a person in Hallenbeck's situation "upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor * *." The following sentence provides how the notice is to be served but contains no language making the right of action dependent upon the mode of service. The object of requiring notice to the principal contractor was doubtless to enable him to withhold payments from a subcontractor until the latter should pay his own men who had worked on the job. The apparent purpose of providing for notice by "registered mail" was to insure receipt of the notice. But where, as here, receipt of a written notice is conceded, the mode of transmission becomes unimportant and the provisions as to mode of delivery should be regarded as directory and not mandatory.

A statute like the present, giving a remedy on a payment bond to laborers and materialmen, is remedial and under the authorities should be liberally construed. That this is the proper rule of interpretation would appear from the decision of the Supreme Court in United States for Use of A. Bryant Co. v. N. Y. Steam Fitting Co., 235 U.S. 327, 337, 35 S.Ct. 108, 59 L.Ed. 253. There the third proviso of the amended Materialmen's Act, requiring notice by a creditor bringing suit on a payment bond to be given to other creditors, was held not to impose a condition upon the imposition of liability on the surety. See also Fleischmann Const. Co. v. United States, 270 U.S. 349, 360, 46 S.Ct. 284, 70 L.Ed. 624; Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206, and Vermont Marble Co. v. National Surety Co., 3 Cir., 213 F. 429.

The decisions by the Supreme Court of Kansas in Breedlove v. General Baking Co., 138 Kan. 143, 23 P.2d 482; Eckl v. Sinclair Refining Co., 133 Kan. 285, 299 P. 588; Honn v. Elliott, 132 Kan. 454, 295 P. 719, and Weaver v. Shanklin Walnut Co., 131 Kan. 771, 293 P. 950, cited by Judge Knight in the court below, apparently support his view that the provision of the Miller Act for giving notice to the contractor by registered mail is merely directory. The Kansas statute provided that "no proceedings for compensation shall be maintainable * * * unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail * * *". Rev. St.Supp.1930, 44—520a. Such language may have been thought by its express terms to have created a condition upon which all rights of action were predicated. In Breedlove v. General Baking Co., 138 Kan. 143, 23 P.2d 482, on which the defendants lay much stress, proof of delivery of the notice of claim was lacking. The claimant relied on a presumption of delivery arising from mailing, though there was no proof that the notice bore the correct address of the employer, or that it was received. In the other three Kansas decisions notices sent otherwise than by registered mail having been actually received were treated as satisfying a statute providing for delivery by registered mail.

The defendants in the present case chiefly rely on the decision of this court in Mason & Hanger Co. v. Sharon, 2 Cir., 219 F. 526. There a section of the New York Employers' Liability Act provided that notice of the injury should be addressed to the principal place of business. The notice was sent to a branch office and it was held that such a method of giving notice was insufficient even though the notice was received. It could be argued perhaps that a notice addressed to a branch office might not reach the proper official so that the provision requiring notice to be sent to the principal office was to be regarded as mandatory, but unless that decision can

be distinguished from the case at bar in this way, we cannot see how the result was justified.

In Rogers v. Village of Port Chester, 234 N.Y. 182, 137 N.E. 19, a provision of a village charter that a notice of claim should be presented to a designated village official was held mandatory. But there the charter provided that: "The omission to present any·such claim in the manner and within the time mentioned shall be a bar to any action against. the village * * *".

 Appellants' contention that notice to Fleisher Engineering & Construction Co. alone, even though sufficient in respect to manner and form, did not bind Joseph A. Bass, a joint contractor, is clearly without merit. Notice to one of two joint obligors or contractors has from ancient times been held to convey notice to the other in respect to matters affecting the joint adventure or obligation. Tevis v. Ryan, 233 U.S. 273, 287, 34 S.Ct. 481, 58 L.Ed. 957; Northern Ill. Coal Co. v. Cryder, 361 Ill. 274, 197 N.E. 750, 101 A.L.R. 1420; Knight v. Fifield, 7 Cush., Mass., 263; Morse v. Aldrich, 1 Metc., Mass., 544; Terry & Lowe v. Reding, 1 Moore (K.B.) 555.

In Babcock v. Wells, 25 R.I. 23, 54 A. 596, 105 Am.St.Rep. 848; and Snyder v. Sponable, 1 Hill, N.Y., 567, notice to one having a joint interest was held insufficient to bind the other. But in neither of the two cases was there such a joint enterprise as to justify the inference that one party was authorized to receive notice that would be binding on the other. The parties there were only joint owners of a mortgage and joint purchasers of an interest in real estate respectively. In Rogers v. Burr, 105 Ga. 432, 31 S.E. 438, 70 Am.St.Rep. 50, the agency of the person receiving the notice was found to have been for a limited purpose which had been fulfilled long before the notice was given. If that decision can be thought to cover a situation like the present, it would, we think, be against the clear weight of authority. Persons jointly contracting to erect a building so much resemble partners in their mutual relations that notice to one of them of the claims of third parties arising out of the joint adventure would seem, as a matter of common sense and business understanding, to be notice to the other.

The judgment for the plaintiff is affirmed.