No. 41,130

WILLIAM E. ROSS, *Appellee,* v. C. F. LYTLE COMPANY and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, *Appellants.*

(332 P. 2d 592)

Opinion filed December 6, 1958.

*Robert N. Partridge,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert M. Siefkin, Richard C. Harris,* and *Gerald Sawatzky,* all of Wichita, were with him on the briefs for the appellants.

*Fred R. Vieux,* of Augusta, argued the cause, and *J. B. McKay* and *James B. McKay, Jr.,* both of El Dorado, were with him on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This is a workmen's compensation case and really presents only one question for our decision. The question presented is whether an award made to the claimant for a condition found to be temporary in character may be commuted or settled by an order for a lump sum payment.

It will be helpful to briefly give a review of the background of the case. Claimant, who is the appellee here, has been engaged in heavy manual labor during his working life. In 1945, he suffered a back injury and underwent surgery involving a spinal fusion. After his return to work, he was employed by various employers in work in keeping with his capabilities. In August, 1955, he again injured his back while in the employ of the respondent, who is the appellant. The original award of compensation herein was entered on March 20, 1956, and was for "not to exceed 415 weeks of temporary total disability at the rate of $32 per week, subject to review and modification as provided by law."

Soon after this award, proceedings seem to have been initiated looking toward the redemption of the award by a lump sum payment. The matter came on for hearings before the examiner for the workmen's compensation commissioner on June 15, 1956, and July 10, 1956. At that time, the examiner made findings which read

in part as follows: "However, it is found that inasmuch as the award originally entered was for temporary total disability, it is the opinion of the Examiner that he should not entertain an application for the redemption of liability until it is determined that the claimant is suffering total permanent disability, for the reason that apparently the temporary nature of the disability might at some future date be resolved." The examiner concluded that it had not been shown to be to the claimant's best interests that a lump sum redemption of the award be ordered.

On May 3, 1957, claimant filed a second application for redemption of liability, and thereupon, respondent and the insurance carrier filed an application to reduce and modify the award contending that claimant's condition had improved. After proper hearings before the examiner, an order modifying the award was filed as of September 12, 1957. That order reads in part as follows:

"This matter came on for hearing on the application for a lump sum award filed by the claimant, and application for review and modification filed by the respondent.

"The evidence disclosed, through the testimony of Dr. Lovett, that the claimant had undergone an operation to his back for the purpose of eliminating part of his disability, and that at that time the claimant's disability had been reduced to about 25 per cent permanent partial.

"The claimant testified that he didn't feel that he was any better than he was prior to the operation, and, in support of his application for a lump sum award, stated that he was in dire financial straits and needed the money to obtain housing for himself and his family, and to take the necessary courses to rehabilitate himself so that he would be able to support his family.

"FINDINGS

"It is found that both applications should be allowed, and that claimant's disability has been reduced to 25 percent; that he is therefore entitled to compensation for temporary total disability for 108 weeks at the rate of $32 per week to September 10, 1957, followed by 25 per cent permanent partial general disability for the remaining 307 weeks at $11.04 per week, a total of $6,-845.28, less compensation heretofore paid, less discount for lump sum payment in the sum of $169.46, leaving a balance of $3,219.82 as of September 10, 1957, and that said sum should be paid in one lump sum.

"Any medical expense incurred to date should also be paid by respondent and insurance carrier."

The examiner entered an order appropriate to the above findings.

Thereafter, the claimant appealed this modified award to the district court. The findings and decision of the district court on appeal may be shown by its journal entry, the pertinent part of which reads:

"Journal Entry

"Now Therefore, on this 30th day of January, 1958, the Court having examined the files and considered the arguments of counsel and briefs finds as follows:

I.

"That the award made by the Workmen's Compensation Commissioner on September 1, 1957, modifying its award of September 20, 1956, should be reversed and set aside.

II.

"That the award of March 20, 1956, is reinstated finding the claimant temporarily totally disabled.

III.

"That respondent and insurance carrier is liable to claimant and claimant should have an award and judgment for 415 weeks temporary total disability at the rate of $32.00 per week from August 16, 1955, less the amount heretofore paid in the amount of $3,616.00, leaving a balance payable of $9,664.00.

IV.

"That the order of the Commissioner under date of September 20, 1957, in which he found that an order of redemption should be allowed should be sustained and the respondent and insurance carrier should pay to the claimant 95% of the total balance due under said award of March 20, 1956, as reinstated, which is the sum of $9,180.80.

V.

"That all medical expense incurred to this date should be paid by respondent and insurance carrier.

VI.

"That all costs incurred in this action to date should be paid by the respondent and insurance carrier."

The authority for the redemption of an award made to a workman is found under the provisions of G. S. 1957 Supp. 44-531. That section was amended as part of Chap. 250, Laws of 1955, and has not been before this court since its amendment. The section reads:

"Where payments under an award have been made for not less than six (6) months, the workmen's compensation commissioner may, when he, in his sound discretion, determines it is for the better interest of the injured employee or the dependents of a deceased employee, require the employer to redeem all or any part of his liability under such award by the payment to the workman, or the dependents of the deceased workman, of a lump sum equal to ninety-five percent (95%) of the amount of the liability redeemed under the award, upon application of either party, upon notice to the other party by the commissioner. Upon paying such amount, the employer shall be discharged of and from all liability for the portion redeemed under this section."

It will be noted that section 44-531 does not specify the type of an award which shall be subject to redemption by lump sum payment. But we are of the opinion that the section must be read to-

gether with other parts of the compensation act, and in particular with G. S. 1957 Supp. 44-528, which provides for review, modification or cancellation of awards. It will be noted that these two sections constituted sections 7 and 8 of Ch. 250, Laws of 1955. Thus, the legislature can certainly be presumed to have intended that section 8 of the act was to be construed with section 7 thereof.

Now, it may be noted that if an award such as re-established by the district court for temporary total disability for not to exceed the maximum period of 415 weeks be allowed to be redeemed by a lump sum payment of 95% of the maximum payments to be due, section 44-528 will be nullified. Actually, a temporary disability is turned into a permanent disability. Moreover, if at some future time, claimant does improve as must be expected from the nature of the award, the possibility of having a review and modification of the award under section 44-528 is foreclosed. Such a construction would seem to do violence to the intent of the act.

Furthermore, it cannot be overlooked that the respondent may have paid considerably more than would have been due if claimant does improve. Of course, a claimant who has been awarded a partial temporary disability may suffer loss upon a lump sum settlement, if his disability should increase.

We are clear that the act read as a whole does not provide for the redemption of awards for temporary disability.

Even under the old compensation act of 1911, under which the district court, within its discretion, might give judgment for a lump sum, this court said in *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413:

"The theory of the legislature manifestly was that cases would arise in which the condition of the employee would be so marked that there would be little reason to anticipate improvement in earning capacity, and that the circumstances would be such as would warrant the court in giving judgment for a lump sum available at once rather than for periodical payments, as in an award. The kind of judgment that is to be rendered was left to the discretion of the trial court."

In *Woodward v. PGH. Eng. & Const. Co. et al., Aplnts.*, 293 Pa. 338, 143 Atl. 21, the Supreme Court of Pennsylvania construed a provision not too dissimilar to the Kansas statute. The court said in part:

"May such an award be commuted? Section 316 provides for commutation. The language there used is very broad. 'The compensation contemplated by this article may at any time be commuted by the board, . . . disregarding

the probability of the beneficiary's death, . . . if it appear that such commutation will be for the best interest of the employe or the dependents . . . and that it will avoid undue expense and undue hardship to either party.' Under this section, any award found as above indicated could be commuted. Of course, before an order like the one before us can be commuted, the board must be satisfied of the ultimate outcome of the injury or disability, its future character and effect on earning power, as indicated by the then physical condition of the claimant. If there is a possibility that the partial disability will disappear before the end of the period fixed for payment, or, if the earning power should be increased so that the amount ordered paid per week could be reduced, then the board should not order the compensation commuted. These facts were all taken into consideration in ordering the award commuted."

In *Ashley v. Ware Shoals Mfg. Co. et al.,* 210 S. C. 273, 42 S. E. 2d 390, the court said:

"A determination of the circumstances under which the power to commute weekly payments for total disability may be exercised also presents a difficult problem and involves the consideration of numerous factors. It would seem clear that the Industrial Commission is not at liberty to guess at the present value of future payments without regard to the contingencies that may arise. We think this section contemplates that the situation and conditions must be such that the present value of future payments may be arrived at on some basis with an approximate approach to certainty and fairness. The principle underlying this statutory provision is that commutation is the substitution of another form of compensation for the weekly compensation. We do not think it was intended by this section to materially affect the liability of the employer as fixed by the preceding sections of the Act. Commutation must be of a sum known with reasonable certainty. While no set rule can be devised which could be applied indiscriminately to all cases, a few illustrations may be helpful in clarifying the views herein expressed. If the total disability of an employee is such that it is reasonably certain to continue during the maximum period fixed by the Act and his physical condition is such that, according to the usual methods of determining life expectancy, he will live for that length of time, the liability for weekly compensation may be commuted without doing an injustice to the employer or carrier. On the other hand, if the total disability is such that there may be a change of condition or if a serious question is presented regarding the likelihood of the employee's living the length of time required to complete the installment payments, the allowance of a lump sum settlement over the objection of the employer or carrier would constitute an abuse of discretion which the appellate courts are empowered to review."

In view of what has been said above, the order of the district court directing that the award of April 20, 1956, be redeemed by a lump sum payment must be reversed and set aside. Since there is evidence to support the court's action of reinstating the award of March 20, 1956, in place of the modified award of September 12, 1957, that part of the district court's decision must be affirmed.

It is so ordered.