No. 44,912

DAVID ALLEN JOHNSON, *Appellee,* v. GENERAL MOTORS CORPORATION, *Appellant.*

(433 P. 2d 585)

Opinion filed November 13, 1967.

*Paul Scott Kelly, Jr.,* of Kansas City, Mo., and *Thomas M. Van Cleave, Jr.,* of Kansas City, argued the cause, and *Bill E. Fabian,* of Kansas City, was with them on the brief for the appellant.

*James P. Lugar,* of Kansas City, argued the cause, and *Samuel J. Wells,* of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: We are concerned first with the authority of a district court to order lump sum redemption of a workmen's compensation award.

The claimant-appellee received an award of compensation against the respondent-appellant for an injury received January 5, 1965. The award was for five and three-sevenths weeks of temporary total disability at the rate of $42.00 per week, followed by five per cent permanent disability for four hundred eight and two-sevenths weeks, payable at the rate of $3.90 per week.

Payments under this award were made for approximately seven months. Appellee then filed his application with the workmen's compensation director for an order requiring the balance due on the award to be paid in a lump sum pursuant to K. S. A. 44-531. A hearing on the application was held before an examiner. The

examiner and, in turn, the director denied the application. Appellee then appealed to the district court of Wyandotte county, which court granted the application and ordered lump sum redemption. This appeal is from that order.

Appellant contends, first, there is no authority in a district court to act under K. S. A. 44-531. Appellee replies the district court has such authority under the appeal statute, K. S. A. 44-556. Thus the answer lies in the construction to be given these two statutes. The precise question has never been determined by this court. It was raised in *Durnil v. Grant*, 187 Kan. 327, 356 P. 2d 872, but left open inasmuch as the case was disposed of on other grounds.

K. S. A. 44-531, enacted in its present form in 1955, provides:

"Where payments under an award have been made for not less than six (6) months, the workmen's compensation director may, when he, in his sound discretion, determines it is for the better interest of the injured employee or the dependents of a deceased employee, require the employer to redeem all or any part of his liability under such award by the payment to the workman, or the dependents of the deceased workman, of a lump sum equal to ninety-five percent (95%) of the amount of the liability redeemed under the award, upon application of either party, upon notice to the other party by the director. Upon paying such amount the employer shall be discharged of and from all liability for the portion redeemed under this section."

K. S. A. 44-556, insofar as pertinent here, provides:

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the director to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director. . . .

"On any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require. . . ."

Appellant bases its contention upon several grounds. It argues the legislature knew how to vest the authority to order lump sum redemption in the district court inasmuch as it had specifically done so in our original 1911 compensation law, yet it has not done so in our current law.

It is true our first compensation law vested sole authority to order lump sum redemption in the district court (Laws 1911, chap. 218, §33). This redemption was one which could be exercised only at the option of the employer; the employer could discharge his liability under an award upon payment of eighty per cent of the total amount prospectively due. However, in the initial act, absent agreement or

arbitration, the district court was the only agency or tribunal authorized to make an award of compensation—and this was done in a civil action—there being no administrative body such as a commission or director provided in the act. Under the 1911 act many of the duties and powers which were to be exercised relating to compensation were vested in the district court, instead of a commission which came into being later (Laws 1927, Chap. 232). Hence we think the fact the district court was initially vested with this power is not significant to our present problem.

Appellant argues that the provision in 44-556, "On any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require," defines and limits the authority of that court upon appeal and inasmuch as the right to order lump sum redemption is not specifically mentioned it does not exist. Appellant in effect would have us apply the maxim *Expressio unius est exclusio alterius*. Generally, this maxim may be used in the interpretation and construction of statutes when the intention of the lawmaking body is not otherwise clear (82 C. J. S., Statutes, §333a). However, it is merely an auxiliary rule of statutory construction which is not conclusive; it should be applied only as a means of discovering legislative intent not otherwise manifest, and should never be permitted to defeat the plainly indicated purpose of the legislature. Accordingly the maxim is inapplicable if there is some special reason for mentioning one thing and none for mentioning another which is otherwise within the statute, so that the absence of any mention of such other will not exclude it. Where the statute contains an enumeration of certain things to which the act applies and also a general expression concerning application of the act, the general expression may be given effect if the context shows that the enumeration was not intended to be exclusive. So the maxim does not apply to a statute the language of which may clearly comprehend many different cases in which some only are mentioned expressly by way of example, and not as excluding others of a similar nature (82 C. J. S., *supra*, §333b; see also *Breedlove v. General Baking Co.*, 138 Kan. 143, 23 P. 2d 482, and *Priestly v. Skourup*, 142 Kan. 127, 45 P. 2d 852).

The extent to which the doctrine should be applied depends in any event on how clearly legislative intent is otherwise expressed.

Appellant emphasizes the phrase "in his sound discretion" as used

in 44-531, and asserts by its use—the precise phrase not being found elsewhere in the workmen's compensation act—the legislature intended the right to order redemption to rest exclusively within the sound discretion of the workmen's compensation director, and that his decision is not subject to *de novo* review by the district court upon appeal. The question is not entirely free from difficulty in view of 44-556.

The latter statute does provide for an appeal to the district court from "any and all decisions, findings, awards or rulings of the director . . . upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director." This is broad language. Indeed it is difficult, from the language employed, to conceive a wider grant of power. And it is expressed in plain, unambiguous terms. Much more restrictive language could have been used; for example, in K. S. A. 60-2102, the legislature specified in detail the particular type of district court orders from which appeals might be taken to this court. The contrast is great.

In performing his duties the workmen's compensation director has functions which are purely administrative and others which are judicial or quasi-judicial in nature. It may be helpful to examine his duty under 44-531. To start with, in a contested hearing, the director is forbidden to enter a lump sum award except for amounts past due (K. S. A. 44-525). Payments of compensation are ordered in weekly payments, that is, periodically, as wages are paid.

When, after payments have been made for at least six months, application for lump sum redemption is made, it is essentially a request to change the character of the award in the light of then-existing conditions. Inherently, the employer-respondent has an interest in the award, and in the light of the end sought to be achieved by the workmen's compensation act, there is a public interest as well. Conceivably a change in award could have far-reaching consequences and in a very real sense of the word could constitute a new award. The right to review and modification of an award (44-528) as well as entitlement to medical treatment (44-510) are affected. Thus redemption terminates rights and liabilities on both sides. Such an award is to be made (except under 44-529 where security is doubtful) only after a determination "it is for the better interest" of the injured employee or his dependents. Some type of hearing on the matter is clearly contemplated, and this has always been the custom and practice. The

question to be determined is one of fact, namely, Is a lump sum redemption for the better interest of the claimant? Therefore, we think the director performs more than a mere administrative function in this duty. He considers past and present facts as disclosed by an evidentiary hearing. Certainly this is in the nature of a judicial function, and one for which appellate review is appropriate.

The injunction of the legislature that the director exercise sound discretion in a 44-531 determination does not militate against the essential judicial nature of the function. Certainly the legislature expected good judgment, a wise and cautious discernment, and it said as much. The exercise of discretion is always an element of judicial power. We do not believe that by the use of the words "in his sound discretion" the legislature intended thereby to establish a separate procedural scheme on this one question, nor that it intended by the enactment of 44-531 to override the plain language in 44-556. In *Ross v. Lytle Co.*, 183 Kan. 825, 332 P. 2d 592, this court stated that 44-531 must be read together with other parts of the compensation act. We hold a district court has authority on appeal to determine an application under 44-531 for lump sum redemption of an award.

Appellant raises the further contention the evidence before the trial court was insufficient to support its order. Initially we are confronted with the well established rule that the findings and judgment of a trial court entered in a workmen's compensation case will not be disturbed on appeal if supported by substantial competent evidence (see *Jibben v. Post & Brown Well Service*, 199 Kan. 793, 433 P. 2d 467). In the *Jibben* case it was stated the term "substantial evidence" means evidence which possesses something of substance and relevant consequence and which furnishes a substantial basis of fact from which the issues tendered can reasonably be resolved.

Appellee was the only witness who testified at the hearing. It appears he was still employed by appellant, earning $6,800 to $7,000 per year. His wife also works, earning $4,200 per year, so that the annual family income was approximately $11,000. He owed a finance company $319.64, payable $26.00 per month, he owed a department store $763.05, payable $37.53 per month, and a bank on a new automobile purchased after his injury the sum of $2,600, payable $99.02 per month. He also owed his father-in-law $600 for money lent him while he was off work, which loan could be repaid without interest as he was able. He has one child. His

living expenses totaled approximately $377.50 per month. His wife and daughter had been ill and he owed $18.00 to a doctor. His wife had just recovered from bronchitis. She had a sharp pain underneath her lung and appellee was not sure of the condition of her health; she was supposed to see a doctor but the doctor was out. He was running about two weeks behind on payment of his bills. He had been paying weekly into a credit union but usually by the end of the month had to draw the payment out to pay his bills. The initial award of workmen's compensation was based on an injury to appellee's neck; all of the difficulty in his neck had not cleared up.

Based on the foregoing, the director denied the application, stating that the list of bills submitted appeared to have been incurred since the date of the accident, and that appellee's providing shelter, clothing and food for himself and his family was not in jeopardy. The district judge allowed the application, stating:

". . . the nature of his injury is not known to me, and I don't think I am asked to determine it here or to look into the future and see what it might be; I think that this man's financial condition is such the respondent below should be ordered to pay the balance of the award, less the statutory discount, at this time, and that will be the order."

Appellant urges the trial court erred in ordering the lump sum payment without knowledge of appellee's physical condition and further that the evidence of his financial condition was insufficient as a matter of law to support the requisite finding. Appellee argues simply there was a showing of financial instability sufficient to warrant the finding that lump sum payment was in his better interest.

The expressed purpose of lump sum redemption is, of course, to serve the better interest of the claimant. We think there are several possible factors which could be considered in making this determination. Some permissible ones have already been indicated by this court.

*Roberts v. Packing Co.,* 95 Kan. 723, 149 Pac. 413, arose under our initial workmen's compensation law at a time when a district judge could in his discretion order an award paid either in a lump sum or in periodical payments. In considering legislative intent this court stated:

". . . the judgment for a lump sum rendered by a court is enforceable by execution at once and is not open to modification as the condition of the employee may change or his earning capacity increase. The theory of the legislature manifestly was that cases would arise in which the condition of

the employee would be so marked that there would be little reason to anticipate improvement in earning capacity, and that the circumstances would be such as would warrant the court in giving judgment for a lump sum available at once rather than for periodical payments, as in an award. The kind of judgment that is to be rendered was left to the discretion of the trial court. [p. 728.]

. . . . . . . . . . . . . .

"In arriving at its judgment the court considers the testimony as to the nature of the injury, its effect on the earning capacity, the duration of the incapacity and the likelihood of cure or improvement; and from all pertinent facts brought to its attention it determines whether the judgment shall be for periodical payments or for a lump sum on which payment may be enforced at once." (p. 729.)

In *Ross v. Lytle Co.,* supra, the question was whether an award for temporary disability was subject to lump sum redemption. In holding that it was not, this court referred to the *Roberts* decision as well as to decisions in sister states wherein physical condition of the claimant was a factor, especially in view of statutory provisions for review or modification of an award based upon changed physical ability. As already indicated, an award of compensation in Kansas which is being paid periodically carries with it, prior to final payment, a continuing right of review and modification (44-528) as well as the right to substantial treatment (44-510), which rights and liabilities are terminated by commutation.

Although physical condition, the nature of the disability, unquestionably can be a consideration and an important one, it is not the only one upon which lump sum commutation can be ordered, to the exclusion of others. In support of this, it need only be pointed out the benefits of the statute are available as well to dependents of a deceased employee. In the phrase "better interest" of the claimant, the lawmakers used broad language and that language is entitled to liberal construction to effect the remedial purpose of the statute. We hesitate to attempt to delineate all possible factors upon which lump sum redemption could be based, and there is no necessity for such effort. Our problem here is simply whether the evidence shown in the record before us is sufficient to satisfy the statute.

We need not recount the evidence. Appellee himself probably best summarized it in saying he was running about two weeks behind on the payment of his bills. If the question were before us, it might well be held that evidence of economic hardship or necessity was sufficient but a case of economic hardship is simply not before

us on the present state of facts and we leave that question for future consideration.

No inflexible rule can be laid down. However, we think the legislature had in mind that some unusual or exceptional circumstances should exist to justify departure from the normal method of payment of compensation and termination of all rights and liabilities under a continuing award. Without further laboring the matter we think that running about two weeks behind in paying bills is not so exceptional or unusual a circumstance in these times as to warrant that departure. Accordingly we hold there is no substantial evidence to support the trial court's finding and its judgment is reversed.

APPROVED BY THE COURT.

FONTRON, J., concurring in part and dissenting in part: I agree with the ultimate disposition of this appeal and with that portion of the opinion which holds that the trial court's findings are not supported by substantial competent evidence.

However, I do not agree that the district court in this instance had authority to act under K. S. A. 44-531, in determining by a trial *de novo* whether the award of compensation should be redeemed by a lump sum payment. Accordingly I respectfully dissent from the holding expressed in Syllabus No. 1 and such part of the opinion as relates thereto.

My view, very simply, is that the court has miscontrued K. S. A. 44-531 and 44-556 in relation to each other, and I am not impressed with the elaborate reasoning on which the court finally arrives at its interpretation.

FROMME, J., joins in the foregoing concurring and dissenting opinion.