No. 45,011

JIMMY JIBBEN, *Appellee*, v. POST AND BROWN WELL SERVICE and EMPLOYERS MUTUAL CASUALTY CO., *Appellants.*

(433 P. 2d 467)

Opinion filed November 13, 1967.

*Gene H. Sharp,* of Liberal, argued the cause, and *Chas. E. Vance, H. Hobble, Jr., Rex A. Neubauer,* and *Chester A. Nordling,* all of Liberal, were with him on the brief for the appellants.

*Lelyn J. Braun,* of Garden City, argued the cause, and *Dale H. Corley,* of Garden City, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This appeal stems from a judgment awarding compensation to Jimmy Jibben, the claimant and appellee herein. The sole question on appeal, as it has been phrased in the brief filed by appellants, who hereafter are referred to as respondents, is "whether or not there is substantial competent evidence to prove the claimant aggravated his pre-existing back condition by accident occurring on December 19, 1965."

The workmen's compensation examiner, before whom the matter was initially heard, found claimant to be temporarily totally disabled as a result of injury to his back sustained from the accident of December 19, 1965, and awarded compensation accordingly. On review, the examiner's award was set aside by the workmen's com-

pensation director as being contrary to the evidence and the law. Claimant thereupon perfected an appeal to the district court which adopted the findings, conclusions and award as found by the examiner and entered judgment accordingly. The respondents have appealed from that judgment.

It was stipulated that on the 19th day of December, 1965, the claimant met with a personal injury arising out of and in the course of his employment. The evidence showed that claimant, while at work, was accidentally struck on the head by a piece of pipe or tubing and was knocked, unconscious, to the ground.

No question is raised concerning the accident itself or the circumstances attending it. The respondents simply claim that no causal connection has been established between the accident and the claimant's present back difficulties. This contention requires a brief examination of the evidence relating to his injuries.

Dr. Norman Mattick, who examined the claimant on March 2, 1966, testified there was muscle spasm in the low back and that claimant had a spondylolisthesis condition of long standing. Based on the history given him by the claimant, Dr. Mattick expressed the opinion that the spondylolisthesis condition was aggravated by the trauma claimant suffered in the accident of December 19, 1965. The doctor associated the aggravation with the accident because claimant told him he sustained pain to his lower back area on December 19, 1965, and because of the history of claimant's fall after being hit by the pipe.

On cross examination Dr. Mattick testified that if claimant's present back pain was related to the accident he would have expected it to occur within at least a day or two after the accident, if not sooner, and that if claimant had told Dr. Marvin (who attended claimant after the accident) that he had no back pain during the time Dr. Marvin cared for him, it was extremely unlikely that the pain was related to the accident. Dr. Mattick further stated that when a spondylolisthesis condition exists, an onset of pain can develop without trauma, or that trauma can begin with something so trivial that a patient can scarcely remember it.

The claimant himself testified that he did complain of low back pain to Dr. Marvin not only when he was in the hospital following the accident, but also when he visited the doctor approximately a week later, but that Dr. Marvin said it was probably just a sprain and never checked it out. There was also evidence that Dr. Frank

Eichhorn saw claimant on January 31, 1966, after claimant had been complaining of pain while he was in jail, and Dr. Eichhorn's examination showed pain and muscle spasm at that time, as well as a spondylolisthesis condition.

Dr. Marvin's testimony directly contradicts the testimony of the claimant. The doctor testified that the only pain of which claimant ever complained to him was in the head area; that his examination of hospital records revealed no complaints of low back injuries were made to the nurses; and that since the claimant at that time had made no complaint of pain associated with or relating to his back, he thought it very unlikely that injury to the lower back had been sustained from the accident.

It should be obvious to the most casual reader that we are thus confronted with a direct conflict between the testimony of the claimant himself, and that given by Dr. Marvin. It must be conceded that the claimant's positive assertion that he complained of pain to Dr. Marvin is contravened in no uncertain fashion by the doctor. However, this conflict in the evidence is not for us to resolve.

We have held time and again that on appellate review of proceedings had under the Workmen's Compensation Act this court has no jurisdiction to determine disputed factual issues. That particular function belongs to the trial court alone, and its findings and judgment in such regard will not be disturbed if supported by substantial competent evidence. A recent discussion of these principles is contained in *Phillips v. Skelly Oil Co.*, 189 Kan. 491, 370 P. 2d 65, where many of our decisions are cited.

The term "substantial evidence" has been said by this court to mean evidence which possesses something of substance and relevant consequence, and which furnishes a substantial basis of fact from which the issues tendered can reasonably be resolved. (*Curry v. Stewart*, 189 Kan. 153, 156, 368 P. 2d 297; *Newcomb v. Brettle*, 196 Kan. 560, 562, 413 P. 2d 116.)

Our definition of the term is in substantial accord with the meaning given it by courts of other jurisdictions. In *Board of County Com'rs. of Dona Ana Co. v. Vargas*, 76 N. M. 369, 415 P. 2d 57, the court said that substantial evidence was such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. Similar expressions may be found in numerous decisions. (See *N. L. R. B. v. Elias Brothers Big Boy, Inc.*, 327 F. 2d 421; *Easttam v. Secretary of Health, Ed. and Welfare*, 364 F. 2d 509; *Ammerman v. Florida Board of Pharmacy*, Fla., 174 So. 2d 425.)

Following the rationale of the decisions of this and other courts we are unable to say that the judgment awarding claimant compensation is not sufficiently supported by the evidence. In arriving at this conclusion we are not unmindful of the respondent's contention that claimant's testimony of low back pain immediately after the accident was not corroborated. We are unimpressed, however, with the argument that the testimony of a claimant under the Workmen's Compensation Act in regard to matters not requiring the special knowledge or skill of an expert, requires corroboration, or that his testimony is to be equated with that of an accomplice who testifies against his co-conspirator in a criminal prosecution.

There is, of course, no suggestion that the claimant was not a competent witness in this case. Rather, the respondents seem to infer that since he was an interested witness, his testimony was thoroughly discredited because contrary to the testimony of an "unimpeached disinterested witness" and the "attending circumstances," although what circumstances are referred to have not been specifically spelled out.

It may be that the evidence upon which both the examiner and the district court awarded compensation was not as strong or persuasive as respondents believe it should have been. However, the weight to be given the evidence in its entirety was for the trier of facts to decide. Whether the testimony of the claimant was "thoroughly discredited" was for the trial court, not this court, to determine. Whatever feeling the members of this court might have concerning the weight of the entire evidence is wholly immaterial to the legal question which now confronts us. In *Jones v. City of Dodge City,* 194 Kan. 777, 779, 402 P. 2d 108, we said:

". . . Although this court may feel the weight of the evidence, as a whole, is against the findings of fact so made, it may not disturb those findings if they are supported by substantial competent evidence. . . ."

No error has been made to appear in the judgment of the court below and the same is affirmed.