17-2857 (L)
*United States ex rel. Five Star Elec. Corp. v Liberty Mut. Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          BARRINGTON D. PARKER,
          DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA FOR THE USE
AND BENEFIT OF FIVE STAR ELECTRIC CORP.,
                    *Plaintiff-Appellant*,

                    v.                                  17-2857, 18-1423

LIBERTY MUTUAL INSURANCE COMPANY,
CAULDWELL-WINGATE COMPANY, LLC,
                    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          ANDREW L. RICHARDS, Kaufman, Dolowich
                                  & Voluck, LLP, Woodbury, New York.

FOR DEFENDANTS-APPELLEES:     DAVID ROSENBERG (Michael T. Contos, *on the brief*), Marcus Rosenberg & Diamond LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Plaintiff-appellant Five Star Electric Corp. ("Five Star"), a subcontractor on a federal construction project, appeals from the district court's orders dated August 28, 2017 and April 19, 2018, denying its motions for leave to amend its complaint and for reconsideration. Five Star commenced this action under state law and the Miller Act, 40 U.S.C. § 3133, for payments alleged to be due on the project for breach of contract and unjust enrichment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The following facts are drawn from the proposed Second Amended Complaint (the "Complaint") and are presumed to be true. In April 2009, Cauldwell-Wingate Company, LLC ("CWC") contracted with the General Services Administration, on behalf of the federal government, in connection with the renovation of the Thurgood Marshall U.S. Courthouse, New York, New York. CWC, as the project's general contractor, subsequently entered into the subcontract at issue with Five Star for the

- 2 -

performance of electrical work for the project. The subcontract was for the specified sum of $43,100,000, and Five Star admits to having been paid $55,899,500.64 for its work.

Five Star alleges that it performed additional work, at CWC's request, not within the subcontract's original scope, and that it is entitled to $13,476,658.69 above the original subcontract amount, of which $677,158.05 remains unpaid. Further, due to delays and inefficiencies allegedly caused by CWC's mismanagement of the project, Five Star also claims to have incurred an additional $19,694,447 in damages due to labor and other general extension costs (exclusive of any markups Five Star asserts entitlement to under the subcontract). While the subcontract did not specify an anticipated completion date, Five Star expected to complete its obligations by October 2011, but instead was unable to finish work until October 2014 as a result of the delays.

The district court gave Five Star three opportunities to plead its claims. In June 2015, Five Star filed the instant action asserting claims based on the Miller Act, breach of contract, and *quantum meruit* against CWC and its surety, Liberty Mutual Insurance Company. On November 1, 2016, the district court dismissed Five Star's original complaint for failure to state a claim. Subsequently, Five Star moved for leave to file a proposed amended complaint; the district court denied the motion on futility grounds on August 28, 2017. Five Star then moved for reconsideration of the denial of leave and, in the alternative, requested leave to file a second proposed amended

complaint, the Complaint. On April 19, 2018, the district court denied the motion, again on futility grounds, and found that the Complaint failed to cure the pleading deficiencies. This appeal followed.[1]

We review a district court's denial of leave to amend on the basis of futility *de novo*, *see Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014), and denial of reconsideration for abuse of discretion, *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). Upon such review, we conclude that (1) the district court erred in holding that Five Star failed to plausibly allege a claim for the purported deficiency of $677,158.05, and (2) the district court correctly dismissed the claims for additional damages.

I.      The Claim for the Deficiency in Payment

We conclude that the Complaint sufficiently alleges a breach of contract claim for the underpayment of $677,158.05. The Complaint charges that the subcontract was for the specified price of $43.1 million, and acknowledges that Five Star was paid more than $55 million. The Complaint also asserts that CWC agreed to certain additional work to be performed by Five Star, and specifies a number of change orders "agreed to by CWC and performed by Five Star" totaling $13,476,658.69.[2] The original

[1]      Five Star appeals only the August 28, 2017 and April 19, 2018 orders. It does not appeal the district court's initial order granting defendants-appellees' motion to dismiss.
[2]      While the allegedly agreed-upon change orders set forth in paragraph 10 only amount to $13,285,169.54, this miscalculation ultimately does not affect our analysis.

contract price of $43,100,000 plus the purportedly agreed-upon changes of $13,476,658.69 equals $56,576,658.69. As the Complaint alleges that CWC paid only $55,899,500.64, a deficiency of $677,158.05 is allegedly still owed. To this extent, the Complaint states a claim, as Five Star alleges a meeting of the minds as to the change orders set forth in paragraph 10 of the Complaint, for which payment was not made in full.[3]

Similarly, Five Star's Miller Act claim for the underpayment for the accepted change orders in paragraph 10 also survives as Five Star has plausibly alleged that it performed work provided for in a contract for which a payment bond was furnished and it "has not been paid in full" for such work. *See U.S. ex rel. Hallenbeck v. Fleisher Eng'g & Constr. Co.*, 107 F.2d 925, 927 (2d Cir. 1939).

Therefore, we vacate the district court's order and remand with instructions for the district court to grant Five Star leave to file the Complaint to the extent of its claim for the alleged $677,158.05 deficiency in payment.

## II.    The Claims for Additional Damages

To the extent Five Star seeks damages for additional work, we agree that the Complaint fails to state a plausible claim.

---

[3]    At oral argument, counsel for defendants-appellees essentially conceded that the Complaint plausibly states a breach of contract claim for these purportedly agreed-upon changes.

In connection with Five Star's demand for compensation for its extended general condition costs, there are only allegations that Five Star submitted *proposed* change orders in paragraph 24 -- and no allegations that CWC ever approved or accepted these proposed change orders. Five Star has not identified a meeting of the minds on what or how it was to be paid for work beyond that originally contemplated by the subcontract and the change orders listed in paragraph 10. Even assuming Five Star underestimated the number of hours the work would require, the subcontract called for a set price and was not based on the number of hours performed. While there was some agreement, as CWC in fact paid an additional $12.8 million, Five Star has not explained the contractual basis for the alleged shortage beyond that relating to the work covered by paragraph 10. Five Star's wish for more money is not a basis for a breach.

Additionally, Five Star's claim that CWC's incompetent supervision caused delays and cost overruns is barred by the subcontract's "no-damages-for-delay" clause, which specifically provides that any delays caused by CWC in Five Star's work is excused with its sole remedy being time extension for completion. While New York law recognizes "uncontemplated delays" as an exception to such a clause's enforceability, *see Corinno Civetta Constr. Corp. v. City of New York*, 67 N.Y.2d 297, 309-10 (1986), Five Star's factual assertions "amount[] to nothing more than inept administration or poor planning," delays that were foreseeable at the time of contract and therefore are unactionable, *see Commercial Elec. Contractors, Inc. v. Pavarini Constr.*

*Co.*, 856 N.Y.S.2d 46, 47 (1st Dep't 2008); *see also Corinno Civetta Constr. Corp.*, 67 N.Y.2d at 313-14 (noting that a contractor's "ordinary, garden variety" poor performance and failure of coordination are within the parties' contemplation and thus fall within the scope of a "no-damages-for-delay" clause).

Further, because Five Star has not plausibly alleged that "it has not been paid in full" for the work performed, as agreed to by the parties, in connection to the delays and proposed change orders in paragraph 24, Five Star's Miller Act claim must also fail as to these claims. *See U.S. ex rel. Hallenbeck*, 107 F.2d at 927 (noting that the Miller Act requires a subcontractor to establish that it has "not been paid in full" for the work performed for recovery under the bond).

We also identify no error in the district court's denial of leave to amend as to Five Star's *quantum meruit* claim because the parties do not dispute the subcontract's validity or enforceability. *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) ("New York law does not permit recovery in *quantum meruit* . . . if the parties have a valid, enforceable contract that governs the same subject matter as the *quantum meruit* claim."); *see also Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 195 (S.D.N.Y. 2009) ("Courts have permitted pleading [*quantum meruit*] in the alternative in the face of a written agreement . . . when there is a dispute as to the agreement's validity or enforceability."). Moreover, the Complaint makes clear that the unjust enrichment claim is simply duplicative of Five

Star's breach of contract claims. *See* App'x at 261 ¶¶ 48-49 ("At the special instance and request of CWC, Five Star performed certain electrical work at the [p]roject," "[t]he fair and reasonable value of [which is] . . . in excess of the sum of $70 [million].").  Under these circumstances, we agree that Five Star cannot plead an unjust enrichment claim in the alternative to its breach of contract claims.

Therefore, because Five Star failed both in the district court and on appeal to specify how amendment would allow it to cure the pleading deficiencies as to its claims for additional damages, leave to amend these claims would be futile. *See Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here, as here, there is no merit in the proposed amendments, leave to amend should be denied.").  We likewise conclude that the district court did not abuse its discretion in denying reconsideration, as such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  Indeed, here, as the district court considered all three iterations of the complaint, Five Star essentially had three bites at the apple to plausibly allege its additional damages claims and failed to do so.

* * * * *

We have considered Five Star's remaining arguments and find them to be without merit.  Accordingly, the orders of the district court are **AFFIRMED** in part and

- 8 -

**VACATED** in part, and the case is **REMANDED** for further proceedings consistent

with this ruling.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court